# Cassells' Mill, *et al. v.* Strater Bros. Grain Co.

## *Assumpsit.*

(Decided Dec. 16, 1909.    Rehearing denied Feb. 26, 1910.
51 South. 969.)

1. *Bill of Exceptions; Time of Signing; New Trial.*—Where a bill of exceptions was not signed within thirty days after judgment as required by the statute, and no order was made granting an extension of the time until after the expiration of the thirty days, the bill of exceptions will not be considered as to matters happening on the original trial, but if signed within the time after judgment on the application for a new trial, it will be considered for the purpose of reviewing the rulings of the court on the application for new trial, and not otherwise.

2. *Appeal and Error; Record; Matters Not Shown.*—Rulings on pleadings and demurrers thereto must be shown by the record proper and not by the bill of exceptions.

3. *Same; Review; Reservation in Lower Court.*—Where the assignment as to the admission of certain evidence on a motion for new trial is too general to be considered on appeal and a part of the evidence was admissible, or was not objected to, this court will not examine the record to determine what part was admissible.

4. *Same; Harmless Error; Evidence.*—Where defendants admitted that they had received certain statements, if it was error to admit evidence showing that such statements had been mailed, it was error without injury.

5. *Parties; Objection; How Raised.*—It is proper to raise an objection to the suing of parties as co-partners when they are individuals or members of a corporation, or vice versa, by plea and not by demurrer.

6. *Pleading; Complaint; Anticipating Defenses.*—A complaint need only state a good cause of action and need not set up defensive matter; hence, in an action for breach of contract to purchase wheat, the fact that plaintiff could have sold the wheat to others so as to obviate loss to himself need not have been alleged in the complaint, as it was defensive matter.

7. *Same; Demurrer.*—If a complaint states a good cause of action, questions as to the element or amount of damages recoverable cannot properly be raised by demurrer to the complaint, but should be raised by motion to strike, objections to evidence or instructions.

8. *Damages; Allegation; Sufficiency.*—In an action for breach of contract to purchase and receive wheat allegations of the complaint that defendant refused to take and pay for the wheat and notified plaintiff not to ship any more, sufficiently shows the breach and how plaintiff was damaged thereby.

[Cassells' Mill, et al. v. Strater Bros. Grain Co.]

9. *Evidence; Parol; Explaining Contract; Ambiguity.*—While contracts should be construed so as to speak the intention of the parties when executed, in case of doubt as to the meaning of words used therein or their application to particular circumstances, such meaning may be shown by extrinsic parol evidence; in this instance the words, "subject to Louisville terms" in a contract for the sale of wheat could be explained by extrinsic evidence.

10. *Contracts; Action on; Complaint.*—Where the contract sued on is set out as made, which may be always done, the fact that a term in the contract is ambiguous does not render the complaint demurrable, if it can be explainel by extrinsic evidence and does not render the contract as a whole, void for uncertainty, or affect the contract if it is complete without it.

11. *Same; Execution; Signing.*—A contract cannot be executed by two parties as one without both signing it.

12. *Sales; Action for Breach; Tender; Necessity.*—Where the buyer refuses to accept and pay for wheat purchased and notifies the seller not to ship any more, the seller is not under the necessity of tendering the wheat, in order to maintain an action for a breach of the contract to purchase.

13. *Same; Remedy of Buyer; Speculative Damages.*—To entitle a purchaser of wheat to set off damages or recover damages for loss of trade resulting from the sale of flour manufactured from the wheat because of its poor quality, such damages must have been reasonably in the contemplation of the parties when the wheat was sold, and the seller must have known or had knowledge of facts charging him with notice that the wheat as purchased was to be manufactured into flour to be sold to a particular trade and that the damages claimed would probably result from the breach of his contract as to quality; profits from the resale of property or from the sale of products manufactured from the porperty purchased being too remote and speculative to be recovered unless contempated by the parties as a result of the breach of the contract.

14. *Same; Measure of Damages.*—The measure of damages for the breach of contract to purchase is the difference between the agreed purchase price and the price for which similar property could be purchased in the market.

15. *Same; Construction; Construction by the Parties.*—Where the seller. during the life of a contract for the purchase of wheat, "subject to Louisville terms," notifies the buyer that the quoted phrase meant "Louisville weights and grades final," and the buyer thereafter orders more wheat shipped under the contract, while not of itself sufficient to ratify the seller's interpretation of the contract, it was evidence tending to show ratification, and the buyer could show that the quoted words did not mean what the seller claimed they did.

16. *Same; Jury Question.*—In this case it was a question for the jury under the evidence as to what the parties meant by the term in the contract "subject to Louisville terms."

17. *Same; Evidence.*—Where the action was for the breach of a contract to purchase wheat about which the parties could not agree as to the meaning and the terms expressed therein, all correspondence, conversations and transactions between the parties relating to the contract were admissible.

18. *Charge of Court; Directing Verdict.*—Where there was evidence tending to support a judgment for the plaintiff, the court properly refused to direct a verdict for the defendant.

19 *Same; Assuming Facts.*—A charge which assumes material disputed facts as true or proven, is properly refused.

20. *Same; Argumentative Instructions.*—The action being for damages for breach of a contract to purchase wheat and the defense being set-off and recoupment a charge asserting that the jury should find for the defendant on his plea of recoupment if they were reasonably satisfied that the plaintiff failed to ship defendant certain wheat as agreed, and by reason of his failure to do so defendant was injured, and the fact, if it was a fact, that plaintiff, through its agents, agreed to ship defendant certain wheat which it failed to do. and defendant relying on such representation of such agent gave an order for several cars of such wheat would not constitute a waiver by defendant of such damage, was argumentative and calculated to mislead.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Strater Brothers Grain Company against Cassels' Mills and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The pleadings are sufficiently set out in the opinion of the court. The following are the grounds for motion for new trial referred to: (4) "A number of letters written by plaintiff to the defendant's Cassels' Mills." (5) "That the court erred in allowing witness Bingham to testify as to the meaning of 'Louisville terms.'" (6) "In allowing witness Bingham to testify as to the wheat sold in the month of July, 1906, and the price paid for same." (7) "The court erred in allowing the witness Bingham to state that statements were mailed Cassels' Mills of said July sale."

Charge A was the general affirmative charge. Charge B: "The court charges the jury that they will find the issues in favor of the defendants on their pleas of recoupment and set-off, if they are reasonably satisfied from the evidence that plaintiff failed to ship defendants No. 2 red winter wheat, as it agreed to do in said contract, and by reason of its said failure to so ship

[Cassells' Mill, et al. v. Strater Bros. Grain Co.]

said wheat defendants were injured; and the fact, if it be a fact, that plaintiff, through its agent or officer, in May, 1906, agreed to ship defendants No. 2 red winter wheat, which it failed to do, and defendants, relying on said representation of said agent or officer, gave an order for several cars of wheat, would not constitute a waiver on the part of the defendants as to their said damages."

The following charges were given for the plaintiff: (2) "The court charges the jury that if, after the defendants were notified that Louisville terms meant Louisville weights and grades final, ordered more wheat shipped under the contract, then that was a ratification of the contract as meaning that Louisville weights and grades final, and in that event your verdict should be for the plaintiff." (5) "The court charges the jury that if they believe from the evidence that, after defendants were notified that Louisville terms meant Louisville weights and grades final, they ratified the contract by ordering out more wheat, then that was an adoption of that meaning, and defendants would be bound by that meaning."

CULLI & MARTIN, for appellant. The court erred in overruling demurrer to the complaint. The contract was set out in haec verba and it was the duty of the court to construe it if clear and unambiguous.—*Mc-Fadden v. Henderson*, 128 Ala. 229; *Barnhill v. Howard*, 104 Ala. 412; *Foley v. Felrath*, 98 Ala. 176. Where the contract is ambiguous as set out in the complaint, the pleader must put a definite construction on it by averment.—4 Ency. P. & P. 918-9; *Durkee v. Cota*, 74 Cal. 313. Whenever time is an essential ingredient in the claim or defense either of an action in contract or tort it must appear with certainty.—*Johnson v. Allen*,

78 Ala. 391; *Ross v. Bozeman,* 41 Ala. 678; 45 Ill. 44; 30 Vt. 555; 23 Wall. 471; 12 Bush. 134; 6 Ency. P. & P. 255. Demurrer should have been sustained to counts 6 and 7.—15 Ency. P. & P. 548 and 868; *Garrison v. Hawkins L. Co.,* 111 Ala. 311; *Gamble v. Kellam,* 97 Ala. 677; *Lee v. Wimberly,* 102 Ala. 539; *McAnally v. Hawkins L. Co.,* 109 Ala. 397. The defendant's plea 5 was sufficient.—*Grisham v. Bodman,* 11 Ala. 201; *Lawton v. Ricketts,* 104 Ala. 435. The letters, messages and conversation between the parties to the contract were improperly admitted in evidence.—*Gillis v. Morrison,* 22 New Bruns. 207; *Alexander v. Wheeler,* 69 Ala. 341; 16 Cyc. 496. The court erred in allowing the witness Bingham to testify as to wheat sold in July, 1906, and prices paid for same.—*Moore v. Penn,* 95 Ala. 204. The amount of wheat sold and price paid for same during the month of July was not relevant or competent.—*Johnson v. Allen, supra.* The court erred in giving charges 1, 3, 4 and 5 at the request of plaintiff —*Bernstein v. Humes,* 71 Ala. 269; *Partridge v. Forsyth,* 29 Ala. 200; *Goldsmith v. McCafferty,* 101 Ala. 663. The court erred in refusing the defendant the affirmative charge.—*Garrison v. Hawkins L. Co. supra; Lee v. Wimberly, supra; McAnally v. Hawkins L. Co., supra; Gamble v. Kellam, supra.*

DORTCH, MARTIN & ALLEN, for appellee. The bill of exceptions was not signed in time and should be stricken.—*Cobb v. Owens,* 150 Ala. 410; Acts 1900-01, p. 1299. The demurrer to the complaint was properly overruled. In the first place it is not addressed to the whole count.—*McCleskey v. Howell Cotton Co.,* 147 Ala. 579. Time was clearly defensive matter and not necessary to be alleged. Defendant's 5th plea was subject to the demurrer assigned.—*Ala. Chem. Co. v. Gais,*

143 Ala. 591; *South. Ry. Co. v. Coleman,* 44 South. 837. The defendant had the benefit under other pleas. The assignment of error as to evidence on motion for a new trial is too general to be considered.—*Southern Ry. v. Kirsch,* 150 Ala. 659; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 282. Some of the evidence was patently good and the court will not look around to find the bad. Where the buyer refuses to take and pay for the thing bought, the seller has three remedies. First, to sell the property acting as the agent of the purchaser for this purpose, and recover the difference between the contract price and the price of resale.—Benj. on Sales, sec. 788. This was the course pursued in this case. The giving of an abstract instruction will not operate as a reversal. —2 Mayf. p. 566. The court did not err in giving charge 1.—115 Ala. 268; 101 Ala. 477; 2 Paige on Contr., sec. 1127; 70 Am. St. Rep. 592; 88 Am. Dec. 344. The execution of the contract as alleged in the complaint was not an issue as no plea of non est factum was filed.—108 Ala. 646; 93 Ala. 352.

MAYFIELD, J.—This is an action by appellee, a Louisville (Ky.) grain dealer, against appellants, Gadsden (Ala.) mills et al., and is by the vendor against the vendees, to recover damages for breach of a contract for the sale of 13,200 bushels of "No. 2 red winter wheat." The contract was as follows: "Louisville, Ky., December 18, 1905. Cassels' Mills, Gadsden, Alabama. Gentlemen: We confirm sale to you today by wire through Mr. Samuel F. Milan, of thirteen thousand two hundred (13,200) bushels of No. 2 red winter wheat, in bulk, at $1.04½ per bushel, including freight to Gadsden, subject to Louisville terms; shipment to be made at the rate of 600 bushels per week, beginning first week in January, with the under-

standing that after January the price will be 1c per bushel per month additional, or in other words any wheat shipped in January on this contract will be $1.04½, February shipment $1.05½, March $1.06½, April $1.07½, and May $1.08½, you to guarantee the present rate of 19c per hundred pounds net from Louisville to Gadsden, or in other words, if the rate should advance from the present basis, you will pay the advance, and if it should decline from the present basis you to receive the benefit of the decline if any. Yours truly, Strater Brothers Grain Co., Incorporated, by Leonard A. Hewitt, Secy. We hereby accept and confirm the above contract. Cassels' Mills." The complaint originally consisted of three counts. Demurrers were sustained to two of these, 1 and 3, leaving count 2, as to which demurrer was overruled. The complaint was then amended by adding counts 4, 5, 6 and 7. Demurrers were overruled to each of the amended counts. To these counts defendants pleaded the general issue, and a number of special pleas, numbered from 1 to 7, inclusive. The trial court sustained demurrers to pleas 3 and 5, and overruled the demurrers to the other pleas. The case was tried upon the issues as above indicated, and resulted in a judgment for plaintiff for $1,448, from which judgment the defendants prosecute this appeal.

The judgment was rendered on the 19th day of November, 1907, and on the 20th day of December, 1907, an order was made allowing 30 days in which to have bill of exceptions signed. On the 28th day of November, 1907, defendants filed a motion for a new trial, and on the same day this motion was set for a hearing on the 30th day of November. It appears that the motion was, on the 20th day of December, finally disposed of by being denied and overruled. At this time the de-

fendants were allowed 30 days in which to have bill of exceptions signed, and the bill was signed on the 7th day of January, 1908. The appellee here moves to strike the bill of exceptions because not signed within the time required by law, and also to strike the assignments of error predicated upon the matter shown only by the bill of exceptions. The act creating the city court of Gadsden (in which this action was tried) contains the provisions usually found in the acts creating the city courts of this state, to the effect that bills of exceptions shall be presented to, and signed by, the judge, within 30 days after the trial, unless the time be extended by the court or by agreement of counsl. —Acts 1900-01, p. 1299.

The bill in this case was not signed within 30 days after the trial, and the time within which it could be signed was not extended until after the 30 days had expired. The motion for a new trial was made within time, and the bill of exceptions, in so far as it pertains to the motion for a new trial, was signed within the time, and it may be looked to for the purpose only of revising the rulings on the motion for a new trial. It cannot be looked to, as a part of the record, for revising actions or rulings of the court on the original trial proper, unless the same questions were again presented and renewed on the motion for a new trial.—*Cobb v. Owen,* 150 Ala. 410, 43 South. 826; *McCarver v. Herzberg,* 135 Ala. 544, 33 South. 486; *Bank v. Wilks,* 132 Ala. 573, 31 South. 451; *Ala. Midland v. Brown,* 129 Ala. 282, 29 South. 548.

Of course, no bill of exceptions is necessary to the revision of the rulings of the trial court upon the demurrers to the pleadings. These are and must be shown by the record proper, and not by the bill of exceptions. The counts of the complaint as to which de-

murrers were overruled practically and substantially followed the Code forms provided for such actions, and hence are by law sufficient. It was not necessary for the plaintiff to sue the defendants as partners or as a corporation; they can be sued as individuals, or as partners, if they are partners. The complaint does not attempt to declare against them either as partners or as corporators. There is nothing in the complaint or in the evidence to show that this was necessary. The defendants are in a better position to know whether they are individuals, partnerships, or corporations, than the plaintiff. The character in which they do business would come better from them in the form of a plea, than in that of a demurrer.

There is clearly nothing in any of the grounds of the demurrer; those that are not too general go to defensive matter purely. There was no necessity for the complaint to do more than state a good cause of action; and this each count complained of did, practically in Code form. Elements of damages, amounts thereof, etc., cannot be raised by demurrer to a complaint, if the complaint states a cause of action even for nominal damages. Objections or exceptions as to such matters must be by motion to strike, by objections to the evidence, or by instructions to the jury; and not by demurrer.—*Norton v. Kumpe,* 121 Ala. 446, 25 South. 841; *Pryor v. Beck,* 21 Ala. 393.

That the plaintiff could have sold the wheat bought by defendant, in the market, to other parties, without a loss, was purely defensive matter. Matters of defense need not be alleged in a complaint.—*Booth's Case,* Minor, 201.

The grounds that the counts did not show the manner in which the plaintiff was damaged, and did not show that the wheat was tendered by plaintiff and de-

clined by defendants, are sufficiently answered by the averments that the defendants refused to take and to pay for the wheat and notified plaintiff not to ship any more.

There is likewise nothing in the ground of demurrer that the phrase used in the contract, "subject to Louisville terms," is "ambiguous and uncertain." The contract would be good without this term; if void for uncertainty (which it is not), it could be eliminated and yet leave a good contract; if uncertain, it is capable of being made certain by extrinsic proof. The parties used it in their contract, and, if the contract is sued on, it is certainly proper to set out the contract as it was made. It is a question of proof to show what the parties meant or intended to express by it, if its meaning is uncertain, and not a ground of demurrer unless it rendered the contract void and of no effect. The contract was not void on its face, by reason of this phrase, but it was open to both parties by competent evidence to show the meaning of the phrase and what the parties meant to express by it at the time they used it. If uncertain or equivocal, its ambiguity is of the kind that is open to explanation by parol evidence. The true rule of interpretation of contracts, is to make them speak the intention of the parties as at the time they were made. A corollary of this rule is that, where any doubt arises as to the true sense and meaning of the words themselves, or as to their application under the particular circumstances, their import may be shown by parol proof dehors the instrument itself. The contract being complete with or without this phrase, it will support a cause of action; and is not subject to demurrer for uncertainty of meaning of words or phrases which do not render it void.—1 Greenl. on Ev., 278; *Chambers v. Ringstaff*, 69 Ala. 140; *Gunn v. Clendenin*, 68 Ala. 294;

*Drake v. Goree,* 22 Ala. 409; *Smith v. Aikin,* 75 Ala. 209; *Jones v. Anderson,* 76 Ala. 427. Some words and phrases acquire, by custom or otherwise, a well-known, peculiar, idiomatic meaning, in a particular locality or trade or business, aside from their general or common meaning.—Authorities supra. But it is not the office of a complaint on a contract to define the meaning and sense of the words and phrases used therein. If the words complained of render the contract void, or show that it will not support a cause of action, then a complaint declaring on the contract would be subject to demurrer.

One ground of the demurrer to the counts goes to the point that the contract sued on does not show that it was signed by the defendant T. M. Cassels, but only by the defendant "Cassels' Mills." This ground is answered by the fact that each of the counts avers that the contract sued on was executed by both of the defendants; and this might be done without both signing it.

The question attempted to be raised by the demurrer, would arise on the failure of proof, or upon variance between allegation and proof. The contract sued on being alleged to be in writing, its execution could only be raised by a sworn plea, and not by a demurrer.—Code, § 5332.

Plea 5 was bad, in that it was a plea of set-off, and the only amount offered to be set off or recouped was $5,000 as damages or losses to their trade accruing from the sale of flour manufactured out of the wheat purchased of plaintiff, which loss was alleged to have been occasioned by the inferior quality of the wheat sold, in that it was not of the grade or quality contracted to be delivered. In order for such damages—damages for breach of contract of sale—to be recovera-

ble in the main suit, or as set-off or recoupment, it must
be alleged that such damages were reasonably within
the contemplation of both parties at the time of the
contract of sale. The vendor must have known, or
have had knowledge of facts sufficient to charge him
with notice, that the wheat sold was to be manufact-
ured into flour to be sold by the vendees to or for a par-
ticular trade, and that the damages suffered would
probably result from a breach of the contract on the
part of the vendor. It is not sufficient that the dam-
ages were suffered, and that the purchasers contem-
plated the manufacture of the wheat into flour and
sale of it, at a profit, at the time of the purchase, but
the vendor must know this too, or be chargeable with
notice thereof.

. Damages for breach of a contract of sale should be
such as may fairly and reasonably be considered to have
arisen naturally, i. e., according to the usual course of
things, from such breach of contract itself, or to have
been in the contemplation of the parties, at the time
they made the contract, as the probable result of the
breach. Certainly any special facts which magnify the
transaction and entitle the party to special damages
should be brought within the contemplation of the par-
ties.—*W. U. Tel. Co. v. Northcutt,* 158 Ala. 539, 48
South. 553, explaining *Hadley v. Baxendale,* 9 Exch.
341. These damages or losses of profits in the sale or
resale of manufactured products are speculative and
too remote to be recoverable in an action for breach of
contract of sale of the raw material out of which the
product is to be manufactured and sold. Whatever
may be the law and rule of other states, it is the settled
law of this state that such damages are too conjectural
and speculative when based on losses of, or failure to
realize, profits out of contracts for resale of the prop-

erty or for sale of products to be manufactured out of the property.

The true and proper measure of damages for breach of a contract to sell and deliver chattels is the difference between the agreed price and the price at which similar property could be purchased in the markets.— *Ala. Chem. Co. v. Geiss,* 143 Ala. 593, 39 South. 255; *McFadden v. Henderson,* 128 Ala. 223, 29 South. 640; *Watson v. Kirby,* 112 Ala. 436, 20 South. 624; *Nichols v. Rasch,* 138 Ala. 372, 35 South. 409; Sutherland on Damages (3d Ed.) pp. 134, 148, 163. This being the only damage or claim sought to be set off or recouped by the plea, it was therefore subject to demurrer; and it was no defense, even pro tanto, to any count of the complaint. Had there been other damages sought to be set off by the plea, it would probably not have been subject to the demurrer, because these particular damages were not recoverable.

The grounds of the motion for a new trial, going to the rulings on the pleadings, have been heretofore disposed of. Many of the other grounds of the motion are entirely too general to be considered. Such are grounds 4, 5, and 6. A part of the evidence included in each of these grounds was unquestionably admissible, and to some of which no objection was made on the trial. But this court will not search through the entire mass of evidence to see if any part was objectionable; and, if a part only was objectionable, it would not make the whole objectionable, nor be available on these general assignments.—*So. Ry. Co. v. Kirsch,* 150 Ala. 659, 43 South. 796; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 282, 29 South. 548.

The seventh ground of the motion is not availing, for the all-sufficient reason that the defendants admitted that they received statements of the July sales through

the mails; so it could not injure them for this witness to testify that he mailed the statements to the defendants.

Charge A, requested by defendants, and refused by the court, was the general affirmative charge for the defendants, and was properly refused because there was abundant evidence to support a judgment for plaintiff.

Charge B, requested by defendant, assumed as true disputed facts. It was argumentative, and calculated to mislead the jury, and for these reasons was properly refused.

We are of the opinion that the court erred in giving charges 4 and 5, at the request of the plaintiff. These charges, in short, were that if the plaintiff, during the life of the contract, notified the defendants that the "Louisville terms" meant "Louisville weights and grades final," and the defendants thereafter ordered more wheat shipped under that contract, this alone amounted to a ratification of the contract interpreted according to plaintiff's contention; and, in that event, their verdict must be for the plaintiff. This was a circumstance to which, if true, the jury might look in determining what the phrase meant, and what the parties meant by it when the contract was made, and one tending to show a ratification of the contract with this meaning, after the notice; yet it alone was not conclusive on the defendants. The defendants had as much right to show that "Louisville terms," as used in the contract, did not mean "Louisville weights and grades final," as did the plaintiff to show that it did mean that. The mere fact that one of the parties asserted, after the contract was executed, that it meant this or that, was not conclusive upon the other, though he did not, at the time, deny it that meaning; nor was he re-

quired to abandon the contract because the party ascribed a certain meaning to words which were susceptible of a different interpretation, or a meaning not consonant with his construction of them.

It is conclusively shown that plaintiff and its witnesses differ from the defendants and their witnesses as to the meaning of the phrase "Louisville terms," used in the contract; one side contending that it means one thing, and the other side that it means an entirely different thing, making the effect of the contract entirely different in the two cases. What was meant by the parties to this contract, under the evidence in this case, was peculiarly a question for the jury to determine, from all the evidence—and the evidence was in direct conflict. The plaintiff could not thus preclude the defendants, as to the meaning of this term, by writing or telling them its construction of it, any more than the defendants could have precluded the plaintiff, by writing or telling it their construction of it. The fact that a given meaning was asserted by one party to the other, and was not denied or questioned by the other at the time, would be a circumstance tending to show that the term was given that meaning by the parties; but it is not conclusive, especially when asserted long after the contract was executed and partially performed.

The charges were also objectionable because they assumed as true a disputed fact; that is, that the plaintiff notified the defendant that "Louisville terms" means "Louisville weights and grades final."

The correspondence, conversations, and all transactions, between the parties, pertaining to the contract the subject of this suit, consisting of letters, telegrams, phone messages, etc., were all competent and admissible under the issues in this case. There was no attempt

to deny the truth or genuineness of any of these letters, telegrams, messages, etc.; in fact, all, or nearly all, seem to have been conceded to be true and genuine. Hence no harm or injury could result from their admission in evidence. If they had not been conceded to be true, they were competent, properly proven, and admissible. They were the very best evidence of the whole transaction being inquired into.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.