(89 South. 657)

SORSBY v. WILKERSON et al.   (6 Div, 397.)

(Supreme Court of Alabama.   June 16, 1921.)

1. Appeal and error ⬳345(1)—Bill of exceptions presented within 90 days after judgment on motion for new trial, considered only as to matters raised by the motion.

Under Code 1907, §§ 3019, 3020, a bill of exceptions presented to trial judge more than 90 days after judgment, but within 90 days after rendition of judgment on motion for new trial,

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 135.

and signed and approved within 90 days after presentation, can be considered only as to matters raised by the motion for new trial and the errors assigned thereon.

**2. New trial ☞152—Amendments stating new and different grounds not allowable after 30 days from date of judgment.**

The amendments to motion for new trial stating new and different grounds from the original after the expiration of 30-day period from date of judgment should not be allowed, and if allowed will not be considered by the Supreme Court.

**3. New trial ☞71 — Jury finding as to bona fides of transfer of mortgage and payment not set aside.**

Where in action for trespass on land and conversion of lumber from building, by plaintiff, claiming through mortgages transferred to her by her brother, the original mortgagee, the evidence was conflicting as to the bona fides of the transfer of the mortgages and the payment of the mortgage, the court properly denied new trial.

**4. Appeal and error ☞994(2)—Credibility of testimony for jury.**

The credibility of testimony is for the jury, and not the Appellate Court.

**5. Appeal and error ☞1002—Verdict on conflicting testimony conclusive unless clearly wrong or contrary to great weight of testimony.**

Verdict on conflicting testimony must clearly appear to be wrong and unjust, or contrary to the great weight of the testimony, before it will be set aside by Supreme Court.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by I. K. Sorsby against Hattie C. Wilkerson and others, for damages to trespass to land and the conversion of certain lumber. Judgment for defendants, and plaintiff appeals. Affirmed.

Miller & Graham, of Birmingham, for appellant.

The verdict was clearly contrary to the weight of the evidence and should be set aside. 116 Ala. 142, 23 South. 53; 171 Ala. 294, 54 South. 626. The burden was on the defendant to show payment of the mortgage debt. The defendants were guilty of conversion. 12 Ala. App. 447, 68 South. 534.

Goodwyn & Ross, of Bessemer, and Black & Harris, of Birmingham, for appellees.

The bill of exceptions cannot be considered, except for the purpose of reviewing the action of the court on new trial. Section 3019, Code 1907; 9 Ala. App. 152, 62 South. 560; 136 Ala. 470, 34 South. 925; 135 Ala. 544, 33 South. 486; 125 La. 710, 51 South. 696. The court cannot consider the trial as had on the amendments to the motion for the new trial. 200 Ala. 90, 75 South. 466; 29 Cyc. 939, and cases there cited. Foreclosure after payment of mortgage conveys no title to a purchaser having notice. 37 Ala. 371; 71 Ala. 551; 107 Miss. 486, 65 South. 570; Jones on Chattel Mortgages, § 512.

MILLER, J. [1] The judgment was rendered in this case on October 29, 1919. The bill of exceptions was presented to the trial judge February 16, 1920. This was more than 90 days after the judgment. It was signed and approved May 15, 1920, within 90 days after presentation. Judgment on motion for new trial was rendered January 16, 1920. This bill of exceptions can be looked to and considered only to review matters raised by the motion for new trial, and the errors assigned thereon. Sections 3019, 3020, Code 1907; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Cassells' Mill v. Strater Bros., 166 Ala. 274, 51 South. 969.

Within 30 days after the judgment was rendered on October 29, 1919, to wit, November 21, 1919, a motion for new trial was filed by the plaintiff on the following grounds:

"(1) The verdict is contrary to the evidence (2) The verdict is contrary to the weight of the evidence. (3) The verdict is contrary to the great preponderance of the evidence. (4) The court erred in its rulings respecting the admissions of evidence upon the trial of this cause in the following particulars, viz."

—and was then signed by the attorneys.

[2] On November 21, 1919, this motion was continued by the court to December 13, 1919. On December 13, 1919, more than 30 days after the judgment was rendered, and when the motion was called in court, the plaintiff presented an amendment in writing to the original motion for new trial, adding at the end of ground 4, after the word "viz." eight separate and special grounds for the new trial based on rulings of the court adverse to the plaintiff, in the admission or rejection of evidence. These grounds or specifications were lettered from A to H, both inclusive. The defendant objected to the allowance of the amendment to the motion by filing the eight additional grounds, and assigned ten different objections. The court overruled these objections and allowed the amendments. These additional grounds should not have been allowed by the court, and they will not be considered by this court. The allowance of amendments to a motion for new trial, stating new and different grounds from the original, after the expiration of the 30 days from date of judgment, should not be allowed by the court, and will not be considered by this court. Ferrell v. Ross, 200 Ala. 90, 75 South. 466.

The three original grounds of the motion for new trial will be considered and reviewed by this court in this case. The plaintiff sues to recover for the conversion by the defendants of lumber from a building on lot 22,

block 452, in the city of Bessemer. The plaintiff claims title to the lot and building and lumber through two mortgages on the property, given by John W. Cash and Hattie E. Cash to the King Lumber Company, and transferred by the King Lumber Company to plaintiff. One mortgage was to secure $500, and the other secured $285.50. The $500 mortgage is dated June 19, 1905. The mortgages were foreclosed by plaintiff May 1, 1916, and the property purchased by her (plaintiff). S. P. King did business under the name of King Lumber Company, and sold lumber. He is a brother of plaintiff, and her agent. The evidence for plaintiff was that both of said mortgages were given for borrowed money; that neither were paid; that no interest and none of the principal had ever been collected; that no demand for principal or interest was made on the mortgagees until just before the foreclosure—10 years after they were given; that plaintiff received the mortgages by transfer from her brother before maturity, by paying him cash in full for each. The evidence for the plaintiff tended to show that defendants moved some of the lumber from a house on the lot off of the place and used it on other property, and its value. John W. Cash, one of the mortgagors, is dead. His widow married C. W. Wilkerson. She and her husband, C. W. Wilkerson, and W. C. Howard are defendants.

The evidence for the defendants tended to show that John W. Cash, the mortgagor, was a carpenter—built houses; that the $500 mortgage was given for lumber to erect a house for Frank and Maggie Robinson; that John W. Cash agreed to build the house and furnish material for $416; the material was purchased from the King Lumber Company, and it amounted to $285.50; that the said $285.50 mortgage was given for the exact amount of the lumber debt, and in lieu of the $500 open mortgage debt for the lumber; that John W. Cash built the house and the Robinsons paid him $100 cash, and gave their notes, at John W. Cash's request, for the balance ($316), not to him, but to the King Lumber Company, to pay the $285.50 mortgage debt of John W. Cash; and that the Robinsons paid the notes to the King Lumber Company and in this way the mortgage debts were paid in full.

The evidence for the defendant tended to show that said two mortgages were paid, and that afterwards John W. Cash and his wife borrowed money from the King Lumber Company ($935) to pay the Parsons mortgage on this property, and gave mortgage on the property to secure the $935, and that this mortgage was paid in full by them.

The evidence for the defendants also tended to impeach the bona fides of the transfer of said mortgages to plaintiff.

The evidence for plaintiff tended to show that neither the $500 nor the $285.50 had been paid; that the lumber for the Robinson house was sold direct to the Robinsons, and had no connection with the consideration of either the $500 or the $285.50 mortgage.

[3-5] These issues were in sharp and strong conflict from the testimony. They were clearly questions of fact for the jury to settle; they saw the witnesses, and it was for them to pass on the credibility of the testimony. The evidence does not convince the court that their verdict was wrong and unjust. Hence the first three grounds of the motion for new trial—that the verdict was contrary to the evidence, to the weight of the evidence, and to the great preponderance of the evidence—were properly overruled by the trial court. When the testimony on the issues is in conflict, the verdict should clearly appear from the evidence to be wrong and unjust, or contrary to the great weight of the testimony, before a court should set aside the decision of the jury. Ala. Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 South. 75; People's Sav. Bk. & Tr. Co. v. Keith, 136 Ala. 469, 34 South. 925; Southern Ry. Co. v. Morgan, 171 Ala. 294, 54 South. 626.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.