## ATLANTIC COAST LINE R. CO. v. BURKETT. (4 Div. 981.)

(Supreme Court of Alabama. April 20, 1922.)

1. New trial ⬅152—Amendments to motion to set aside judgment filed more than 30 days after judgment not considered on appeal.

Gen. Acts 1915, p. 708, § 3, provides that, after lapse of 30 days from date of judgment, the court shall lose all power over it, and, where a motion to set aside a verdict and judgment was filed within 30 days after date of judgment, amendments to the motion setting up additional grounds not germane to the original motion, filed more than 30 days after the date of judgment, will not be considered on appeal.

2. Appeal and error ⬅345(1)—Bill of exceptions filed within 90 days after motion, but more than 90 days after judgment, considered only as affecting motion.

Where a motion for new trial, in which amendments were filed more than 30 days after date of judgment, was overruled April 28, and the bill of exceptions was presented to the trial judge within 90 days after judgment on the motion, but more than 90 days after the original judgment, the bill of exceptions can be considered and looked to only to review and pass on the matter mentioned in the motion and the errors assigned and based thereon.

3. Appeal and error ⬅999(1)—Verdict not disturbed on appeal as contrary to evidence unless court convinced that it is unjust.

A verdict will not be disturbed on appeal on motion to set it aside as contrary to the evidence unless the evidence clearly shows that it is wrong and unjust.

4. Appeal and error ⬅302(5)—Ground of motion for new trial that verdict was contrary to evidence too general to be considered on appeal.

The ground of a motion for new trial that "the verdict was contrary to the law in the cause" is insufficient, and too general to be considered on appeal; the errors should be pointed out so that the court's attention will be directed to them.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by B. F. Burkett against the Atlantic Coast Line Railroad Company, for damages for killing a cow. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Arrington & Arrington, of Montgomery, and Farmer, Merrill & Farmer, of Dothan, for appellant.

Evidence as to what plaintiff paid for the cow, six months prior to the accident, and that that was a fair market value for the animal, was admissible. 155 Ala. 426, 46 South. 773; 131 Ala. 465, 31 South. 596; 150 Ala. 429, 43 South. 739. A witness may not express a mere opinion or conclusion. 181 Ala. 463, 61 South. 327. The court improperly charged law as to the duty of the engineer. 153 Ala. 139, 44 South. 962, 14 L. R. A. (N. S.) 261.

Harry K. Martin, of Dothan, for appellee.

The only rulings to be considered are those arising on the motion for new trial as originally filed. 136 Ala. 469, 34 South. 926; 135 Ala. 542, 33 South. 486; 31 South. 451. There was ample evidence to support the verdict, and so the court will not reverse the trial court. 92 Ala. 630, 9 South. 738; 140 Ala. 316, 37 South. 290.

MILLER, J. This is a suit by B. F. Burkett against the Atlantic Coast Line Railroad Company for damages for negligently killing his cow. There was judgment for plaintiff on November 10, 1920, for $132.40.

[1] On December 9, 1920, which was within 30 days after the date of the judgment, the defendant filed motion to set aside the verdict and judgment, because (1) the verdict was contrary to the evidence, (2) the verdict was contrary to the law, and (3) the verdict was contrary to the law and evidence in said cause. Section 3 of an act approved September 22, 1915, reads in part:

"After the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Section 3, Gen. Acts 1915, p. 708.

On December 17, 1920, more than thirty days after the date of the judgment, the de-

-fendant filed five separate, distinct, and additional grounds to the foregoing motion to set aside the judgment. There is no order of the court allowing these amendments to the motion. Their allowance as an amendment would have been improper. They were filed too late. They were not germane to either one of the three original grounds assigned in the original motion. These new and additional grounds for granting the motion will not be considered by this court. Ferrell v. Ross, 200 Ala. 90, 75 South. 466; Sorsby v. Wilkerson, 206 Ala. 190, 89 South. 657.

[2] The court overruled the motion on April 28, 1921. The bill of exceptions was presented to the trial judge July 18, 1921. This was within 90 days after judgment on the motion; but it was more than 90 days after date of the original judgment. It was approved by him September 3, 1921. Hence the bill of exceptions can be considered and looked to only to review and pass on the matters mentioned in the motion, with its three grounds as originally filed, and the errors assigned and based thereon. The bill of exceptions purports on its face to have been presented to the trial judge only on the proceedings before him on the hearing of the motion. Sections 3019, 3020, Code 1907; Sorsby v. Wilkerson (Ala. Sup.) 89 South. 657;[1] Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Cassells' Mill v. Strater Bros., 166 Ala. 274, 51 South. 969.

[3] The refusal of the court to grant the motion to set aside the verdict and judgment is assigned as error by the appellant. This motion is based really on only two grounds: The verdict was contrary to the evidence and contrary to the law in the cause. This is for the consideration of this court. We have read the evidence, and it is amply sufficient to sustain the verdict of the jury, and it does not appear wrong or unjust. The verdict will not be disturbed by this court on motion to set it aside on the ground it is contrary to the evidence, unless the evidence clearly convinces us that it is wrong and unjust. Tenn. Coal & I. R. R. Co. v. Wiggins, 198 Ala. 346, 73 South. 516; N. C. & S. L. Ry. v. Crosby, 194 Ala. 338, 70 South. 7.

[4] The ground of the motion that "the verdict was contrary to the law in the cause" is too general to be considered. It is insufficient. The errors of law complained of, or in what respect the verdict is contrary to it, should be specially pointed out so the court's attention will be directed to them. Moneagle & Co. v. Livingston, 150 Ala. 562, 43 South. 840; Cobb v. Malone, 92 Ala. 633, 9 South. 738; Winter v. Judkins, 106 Ala. 259, 17 South. 627.

Under the evidence the court did not err in denying the motion to set aside the verdict and the judgment.

Finding no error in the record, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.