## CAMBRON v. STATE.
### 7 Div. 168.

Supreme Court of Alabama.

Dec. 7, 1933.

E. G. Pilcher and J. M. Miller, both of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

FOSTER, Justice.

■ This was a trial in which appellant was convicted of second degree murder. A motion for a new trial was based, among other grounds, on the fact that one of the jurors was the father of the wife of a second cousin of deceased. Though deceased and the wife of his second cousin may be related by affinity, within the fifth degree (section 8610, Code), that relationship does not extend to the father of the wife. Kirby v. State, 89 Ala. 63, 8 So. 110; Lowman v. State, 161 Ala. 47, 50 So. 43; Danzey v. State, 126 Ala. 15, 28 So. 697; Louisville & N. R. Co. v. Holland, 173 Ala. 675 (14), 55 So. 1001.

But if so, the denial of the motion to set aside the verdict on that ground is not reversible error, since it does not appear that the relationship was not duly discovered or by diligence ought not to have been discovered before the trial began. Batson v. State, 216 Ala. 275, 113 So. 300, 301. It was not brought to the attention of the court until after the verdict. Appellant has not complied with the rule which requires a new trial on the ground of newly discovered evidence.

There is no attempt to show that the failure to discover the evidence in time to use it on the trial was after proper diligence had been exerted to that end, nor how the evidence was finally discovered. It is not such as to justify the granting of a new trial. Fries v. Acme White Lead, etc., Works, 201 Ala. 613, 79 So. 45.

■ Refused charge 38 was effectually covered by given charge 39. It appears that the theory on which the claim of defendant's guilt was based was that he was a particeps criminis, present aiding and abetting, though he may not have fired the fatal shot. Jones v. State, 174 Ala. 53, 57 So. 31. This aspect of the law was embraced in the court's oral charge as well as in given charge 39.

We have examined the exceptions to rulings on evidence, and think that there was no reversible error in any of them, though a detailed discussion is not necessary. There is no such error otherwise appearing in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.