246 So.2d 431

Stanley **WILLIAMS**

v.

**DAN RIVER MILLS, INC., et al.**
**3 Div. 388.**

Supreme Court of Alabama.

March 25, 1971.

Mooneyham & Mooneyham, Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

Hill, Hill, Stovall, Carter & Franco, William A. Oldacre, and Theodore H. Hoffman, Montgomery, for appellees.

LAWSON, Justice.

This is an appeal by the plaintiff from a judgment in favor of the defendants below and from a judgment overruling the plaintiff's motion for a new trial.

All of the assignments of error relate to the judgment overruling the motion for new trial.

The grounds of the original motion for new trial which the plaintiff insists here were well taken and required the rendition by the trial court of a judgment granting the plaintiff a new trial aver, in effect, that one of the jurors who served on the case failed to disclose upon voir dire ex-amination by the trial court that he was related by blood or marriage within the prohibited degree as prescribed by the law of this state to a member of a legal firm which represented the defendants, which relationship was unknown to the plaintiff or to his attorneys, and thereby plaintiff was deprived of his right to ad-visedly strike said juror whose service on the trial jury was to the prejudice and injury of the plaintiff.

In qualifying the jury, the trial court advised the prospective jurors that the defendants were represented by two law firms. The court identified them by firm names and identified the member or mem-bers of those firms who were present in court at the time the jury was being quali-fied. The court then propounded the fol-lowing question: "Are any of you kin by blood or marriage to any of the gentlemen to either one of those law firms?"

It is conceded that none of the prospec-tive jurors responded to that question.

It is further conceded that one of them, to whom we will sometimes hereinafter refer as the subject juror, was the first cousin of the wife of a member of one of the law firms which represented the de-fendants, at the time of their marriage in 1948. That member of the firm was not in court at the time. The wife died in 1962, long prior to the trial of this suit. Two children born of that marriage were living at the time of the trial.

Section 55, Title 30, Code 1940, in per-tinent parts provides:

"It is good ground for challenge by either party:

\* \* \* \* \* \*

"11. In any civil case, that the juror \* \* \* is related by consanguinity within the ninth degree, or by affinity within the fifth degree (computing ac-cording to the rules of the civil law), to any attorney in the cause to be tried \* \* \*."

**706**

■ The subject juror was related by affinity within the fifth degree according to the rules of the civil law to a member of one of the law firms which represented the defendants as long as that attorney's marriage to the subject juror's first cousin continued. Hence, while the wife was alive the subject juror could have been successfully challenged for cause in a case in which the wife's husband or his firm appeared as counsel.—§ 55, Title 30, Code 1940; Duke v. State, 257 Ala. 339, 58 So. 2d 764; Owen v. State, 255 Ala. 354, 51 So.2d 541; Cambron v. State, 227 Ala. 575, 151 So. 443; Danzey v. State, 126 Ala. 15, 28 So. 697; Kirby v. State, 89 Ala. 63, 8 So. 110. The right to challenge for cause continued after the death of the wife and until the time of the trial because two children of the marriage were living.— Pegues v. Baker, 110 Ala. 251, 17 So. 943; Shamberger v. State, 221 Ala. 538, 130 So. 70.

So subject juror, although he did not know that he was considered to be "kin by * * * marriage" to a member of one of the law firms representing the defendant, under the law should have given an affirmative answer to the above-quoted question.—§ 55, Title 30, Code 1940. At the time the question was propounded, counsel for plaintiff and the defendants, who were then present in court, were unaware of the relationship between the subject juror and an absent member of one of the firms representing the defendants.

The motion for new trial "was submitted to the Court upon the pleadings, affidavits and testimony taken orally before the Court."

■ The trial court based its action in denying the motion for new trial on the grounds presently under consideration on a finding from "the evidence introduced both in support and in opposition to the motion, including that taken orally before the Court * * * that any question of the disqualification" of the subject juror because of his affinity to a member of one of the firms which represented the defendants "was waived because of the testimony" of one of plaintiff's attorneys concerning facts which he learned during the trial.

The testimony of the attorney to whom the court had reference is more than ample to show that before the trial was concluded he became aware of facts sufficient to impose upon him the duty to make further inquiry to determine the accuracy of the information which had come to his attention if he was really disturbed by the presence of the subject juror on the trial jury. He testified that on the night of the first day of the trial, "I found out there was a connection but not *the* connection." (Emphasis supplied) That information came to him in time for the inquiry to have been made and the relationship could have been established with a minimum of effort.

In Oliver v. Herron, 106 Ala. 639, 17 So. 387, it was contended that a new trial should be granted because a non compos mentis was on the trial jury. The motion was denied. On appeal to this court it was said:

"* * * Movants had personal notice of the condition of the juror *during the trial.* If they intended to raise an *objection to his competency or qualifications,* it was their bounden duty to have done so at the time. Having concluded the case, in the face of such notice, and taken the chances of a verdict in their favor, they will be conclusively held to have waived the objection to the juror." (Emphasis supplied) (106 Ala. 640, 17 So. 387.)

There are other cases of this court to like effect. See Jones v. Coley, 219 Ala. 23, 121 So. 24; Hurt v. Southern R. Co., 205 Ala. 179, 87 So. 533.

It is a well-recognized principle that notice of facts which ought to excite inquiry and which, if pursued, would lead to knowledge of other facts, operates as notice of those facts.—Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 127

So. 186; Figh v. Taber, 203 Ala. 253, 82 So. 495; Home Bond & Mortgage Corp. v. Alabama Utilities Service Co., 225 Ala. 322, 142 So. 827; Roberts v. Grayson, 233 Ala. 658, 173 So. 38; Blocker v. Boyd, 242 Ala. 345, 6 So.2d 19.

The attorney for plaintiff who "found out there was a connection but not *the* connection" (emphasis supplied) during the course of the trial had notice of facts which ought to have excited inquiry on his part which, if pursued with reasonable diligence, would have disclosed "the" connection.

In Cambron v. State, 227 Ala. 575, 151 So. 443, a motion for new trial was denied which included the ground that one of the jurors was the father of the wife of a second cousin of deceased. On appeal we affirmed the action of the trial court in denying the motion for new trial on that ground, saying:

"* * * Though deceased and the wife of his second cousin *may* be related by affinity, within the fifth decree (section 8610, Code), that relationship does not extend to the father of the wife. (Authorities cited)

"But if so, the denial of the motion to set aside the verdict on that ground is not reversible error, since it does not appear that the relationship was not duly discovered *or by diligence ought not to have been discovered before the trial began.* * * * It was not brought to the attention of the court until after the verdict. Appellant has not complied with the rule which requires a new trial on the ground of newly discovered evidence.

"There is no attempt to show that the failure to discover the evidence in time to use it on the trial was after proper diligence had been exerted to that end, nor how the evidence was finally discovered. It is not such as to justify the granting of a new trial. * * *" (Emphasis supplied)

We hold that the trial court did not err in denying plaintiff's motion for new trial because of the relationship between the subject juror and a member of one of the firms which represented the defendants.

Plaintiff's original motion for new trial was timely filed, that is, within thirty days from the entry of the judgment in favor of the defendants.—§ 276, Title 7, Code 1940.

██ More than thirty days after the judgment was rendered, the plaintiff presented an amendment in writing to the original motion for new trial, adding two separate and special grounds for new trial. The defendants objected to the allowance of the amendment. The court overruled those objections and allowed the amendment. The additional grounds should not have been allowed by the trial court, and they will not be considered by this court. The allowance of an amendment to a motion for new trial, stating new and different grounds not germane to any ground of the original motion, after expiration of the thirty days from date of judgment, should not be allowed by the trial court and will not be considered by this court.—Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657. See Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456; Southern R. Co. v. McCamy, 270 Ala. 510, 120 So.2d 695.

On the day of the hearing on the motion for new trial the defendants "introduced in evidence in connection with the plaintiff's Motion for New Trial" four affidavits. They were made by one of the defendants' lawyers who actively participated in the trial, by the subject juror who was called as a witness by the plaintiff, by the member of one of the firms which represented the defendants whose deceased wife was a first cousin of subject juror, and by the foreman of the trial jury.

The plaintiff objected to "the affidavits on the ground that they are hearsay." The

trial court did not rule on the objection, stating " * * * the Court will rule on them in its order." The court did not expressly rule in its judgment denying the motion for new trial on the objection interposed to the affidavits.

■ But, as heretofore shown, the judgment on the motion for new trial shows that submission on that motion was on the affidavits as well as on the pleadings and the testimony taken orally before the court. Thus it appears that the plaintiff's objection to the affidavits was, in effect, overruled. Consequently, there is no merit in the assignments of error which take the point that the trial court erred in failing or refusing to rule on plaintiff's objection to the introduction of the affidavits.

Plaintiff assigns as error the action of the trial court in admitting the affidavits in evidence over his objection.

In brief filed on behalf of plaintiff it is said:

"The admission of these four affidavits (assignment of error 2) is contrary to the hearsay rule in Alabama. This Court has expressly ruled that the admission of an affidavit of an attorney for the defendant, or the admission of an affidavit of a juror made and submitted on motion for new trial are hearsay and the consideration of the matters contained in the affidavits is error."

In support of that broad, sweeping statement the following cases are cited.—Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; City of Eufaula v. Speight, 121 Ala. 613, 25 So. 1009; State ex rel. Bailes v. Guardian Realty Co., 237 Ala. 201, 186 So. 168; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190.

None of those cases support the broad statement in support of which they were cited. We see no occasion to comment on those cases.

■ As far as we are advised, this court has never said that an affidavit, irrespective of its content, cannot be admitted in evidence at a hearing on a motion for new trial because all affidavits run counter to the hearsay rule.

Where it appears from the face of an affidavit that the affiant had no personal knowledge of the matters to which he deposed and that he must have secured his information concerning those matters from others, then the affidavit is based on hearsay and should not be admitted.

One part of the affidavit of the foreman of the jury might have been subject to a motion to strike, but the affidavit as a whole was not subject to the objection that it was hearsay. Parts of one or more of the other affidavits might well have been stricken, but none of the affidavits as a whole was subject to the hearsay objection.

The affidavit of the subject juror contains no statement which could reasonably be challenged as being hearsay.

As we have heretofore shown, the objection interposed to the affidavits was in effect that all that was stated in each of the affidavits was subject to the hearsay rule. That simply is not the case. The trial court did not err "in admitting over appellant's (plaintiff's) objection the affidavits" (Assignment of Error 2) to which reference has been made.

Moreover, all of the affidavits related to the charge made by plaintiff relative to the so-called disqualification of subject juror and we think it clear from the judgment on the motion for new trial that the affidavits played no part in the trial court's decision on that matter.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.