This appeal involves post-trial motions following a divorce case. The trial court granted certain relief requested by the wife, and the husband appeals. We see no need for a detailed recitation of facts and will confine our discussion to the motions and orders of the court.
The final decree of divorce concerning these parties was entered on April 12, 1988. The wife was awarded, in pertinent part, alimony in gross of $6,000, to be paid over a period of twelve months, and a parcel of residential real property. On April 26, the wife filed a motion entitled "Post-Trial Motion and Motion for Reconsideration," which requested that the court order the husband to pay for a consultation between her lawyer and her physician and to be responsible for the indebtedness upon her vehicle. That motion was set for hearing on May 30. On that day, the wife filed an amendment to her post-trial motion. The amendment requested that the husband be required to pay for repairs to the residence awarded to her, that she be entitled to the insurance proceeds for repair of hail damage to the roof of said residence, that an additional automobile be awarded to her, that she be awarded periodic alimony, and that she receive one-half of the parties' tools.
On June 2, the trial court issued an order which directed that the parties cooperate in filing an insurance claim for the hail damage to the residence and that they apply all proceeds to the repair of the roof. The husband was ordered to pay up to $1,000 in repairs to the wife's residence. The order then stated the following:
 "This Court amends its Final Decree of Divorce dated April 12, 1988, by adding the following:
 "15. The wife is awarded periodic alimony to be paid by the husband in the amount of $10.00 per month commencing June 15, 1988. . . ."
All other relief requested by the wife was denied.
We note initially that the wife's post-trial motion was clearly a motion to "alter, amend or vacate a judgment," filed pursuant to Rule 59(e), Alabama Rules of Civil Procedure. She sought an amendment to the previously entered divorce decree, and the relief granted was such an amendment. Hallmark v.Hallmark, 381 So.2d 641 (Ala.Civ.App. 1980). Her motions will hereinafter be referred to as a 59(e) motion and amendment thereto.
The sole issue on appeal is whether the trial court had jurisdiction to consider new matters first raised by an amendment to a timely-filed 59(e) motion, which amendment was filed more than 30 days after the entry of final judgment, but before a ruling on the original motion.
Although our courts have not addressed this question in the context of a 59(e) motion, we do find cases relative to amendments of 59(b) motions for new trial. We believe the conclusions reached in those cases will be instructive here.Hallmark, supra.
The husband argues that a long line of Alabama cases which hold that a trial court does not have jurisdiction to allow an amendment filed beyond 30 days of judgment *Page 1244 
to a timely 59(b) motion if the amendment states new grounds not germane to any ground of the original motion should control our decision here. Williams v. Dan River Mills, Inc., 286 Ala. 703, 246 So.2d 431 (1971); Southern Ry. Co. v. McCamy, 270 Ala. 510, 120 So.2d 695 (1960); Camp v. Atlantic Coast Line Ry.,251 Ala. 184, 36 So.2d 331 (1948); Ex parte Myers, 246 Ala. 460,21 So.2d 113 (1945); Francis v. Imperial Sanitary Laundry DryCleaning Co., 241 Ala. 327, 2 So.2d 388 (1941); Atlantic CoastLine Ry. Co. v. Burkett, 207 Ala. 344, 92 So. 456 (1922);Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657 (1921). The wife contends that two cases decided after the revision of the Alabama Rules of Civil Procedure, Alabama Farm Bureau MutualCasualty Ins. Co. v. Boswell, 430 So.2d 426 (Ala. 1983), andThompson v. Keith, 365 So.2d 971 (Ala. 1978) (Maddox, J., concurring specially), should control. The holding in AlabamaFarm Bureau states as follows:
 "[T]he trial court has discretion to allow an amendment to a motion for new trial to state an additional ground after thirty days from the final judgment, if the original motion was timely filed and is still before the court when the amendment is offered." (Emphasis in original.)
430 So.2d at 428.
We believe that the reasoning of the supreme court inAlabama Farm Bureau, supra, should control in this case. Decisions which interpret the old procedural rules do not necessarily provide the best guidance for our interpretation of the current rules. We note that there was a gap of approximately twelve years between the latest case cited by the husband and Alabama Farm Bureau. Furthermore, we find that permitting the trial court, in its discretion, to allow such amendments is the better reasoned rule.
We hold that a trial court has the jurisdiction to allow an amendment to a motion to alter, amend, or vacate a judgment after 30 days from the final judgment if the original motion was timely filed and is still before the court when the amendment is filed.
An additional factor peculiar to divorce cases makes our decision particularly appropriate here. It is well established that a trial court's power to grant alimony is lost if it does not either award alimony in the judgment of divorce or reserve the right to do so in the future. Coby v. Coby, 489 So.2d 597
(Ala.Civ.App. 1986).
The wife's 59(e) motion was timely filed; therefore, pursuant to Rule 59.1, A.R.Civ.P., the trial court had jurisdiction to dispose of her motion as amended for a period of 90 days.McDonald v. McDonald, 492 So.2d 611 (Ala.Civ.App. 1986). We believe that our decision to allow the trial court jurisdiction over an amendment to a timely filed 59(e) motion is necessary to the effective exercise of discretion in cases such as this. The trial court's amendment here granting periodic alimony to the wife effectively preserved its power to reconsider that question in the future if the need arises. We feel trial courts should have the authority to take such action if it is warranted, as it was here.
The wife is granted an attorney's fee of $500.00 on appeal.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.