ON RETURN TO REMAND
This Court issued the writ of certiorari to the Court of Criminal Appeals in order to clarify the procedural posture of this case. The Court of Criminal Appeals answered this Court's questions, writing in an opinion of February 24, 1989, "this case [referring to Clark v. State, 551 So.2d 1081
(Ala.Crim.App. 1986)] addressed both the appellant's appeal from judgment of conviction and his appeal from the trial court's denial of his petition for writ of error coram nobis." Following the return to our remand order, we now consider the merits of the petition.
The issue is whether the defendant, Richard E. Clark, might have been prejudiced by the failure of a juror to make a proper response to a question regarding his/her qualifications to serve as a juror in a criminal case. We conclude that Clark might have been prejudiced, and, therefore, we affirm the judgment of the Court of Criminal Appeals, Clark v. State,551 So.2d 1081 (Ala.Crim.App. 1986), reversing his conviction.
We adopt in toto the facts of the case as presented in the Court of Criminal Appeals' opinion of October 28, 1986. The Court of Criminal Appeals concluded that the trial court erred to reversal in not granting Clark's petition for writ of error coram nobis, which was based, inter alia, on an allegation that a prospective juror had given improper responses to questions on voir dire.
The petitioner, the State of Alabama, argues that the Court of Criminal Appeals erred by apparently accepting as true the statements contained in the affidavit of one of the jurors and by reversing Clark's conviction. The juror, Ms. Saundra K. Resmondo, stated in her affidavit:
 "(a) The jury panel never at any time voted on the issue of the guilt or innocence of Mr. Clark;
 "(b) Several members of the panel acknowledged that there was no evidence against Mr. Clark and admitted that the State had failed to prove its case;
 "(c) Members of the jury panel expressed prejudice against Mr. Clark because of the nature of the charge and based on their comments they were trying 'marihuana' and not Mr. Clark. *Page 1093 
 "(d) Members of the jury panel exercised improper conduct during the course of deliberations;
 "(e) Members of the jury panel disregarded the Court's instruction concerning the burden of proof and presumption of innocence;
 "(f) The Foreman of the Defendant's trial jury [naming her], stated that she would 'rather sacrifice this one man than thousands of our children.'
 "(g) Members of the jury considered the failure of Defendant to testify in his own behalf as evidence against the Defendant;
 "(h) One of the jurors [naming him] failed to disclose during voir dire his previous jury service in a trial of a young girl accused of 'selling dope' who resembled his daughter;
 "(i) That the jurors failed to understand the charge of Judge Wilters, and believed unanimous agreement of not guilty was required;
 "(j) The verdict submitted by the foreman of the jury was not the verdict of Juror [naming her], nor her sister-in-law, [naming her];
 "(k) The Juror [naming her] was pressured into remaining silent as to her true conviction that Mr. Clark was innocent;
 "(l) The jurors were not informed and they did not realize that they had the option to disagree with the jury foreman and hold fast to their opinion that Mr. Clark was not guilty of the charges in this case."
At the hearing on Clark's motion for new trial, Ms. Resmondo also testified that the other juror stated to her that he had voted to convict the defendant in the prior drug case.
This Court has stated:
 "Parties have a right to have questions answered truthfully by prospective jurors to enable them to exercise their discretion wisely in exercising their peremptory strikes. . . .
 "However, 'the failure of a juror to make a proper response to a question regarding his qualifications to serve as a juror, regardless of the situation or circumstances, does not automatically entitle one to a new trial.' . . .
 "Some cases have held that '[t]he proper inquiry in such cases is whether the defendant's rights were prejudiced by such failure to respond properly.' . . . To be more correct, however, '[t]he test is not whether the defendant was prejudiced but whether he might have been.' "
Ex parte O'Leary, 417 So.2d 232, 240 (Ala. 1982), cert. denied,463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983) (citations omitted).
We recognize that testimony and affidavits of jurors are not admissible to impeach their verdicts, unless affidavits tend to show extraneous facts that influenced the verdict. Fabianke v.Weaver, 527 So.2d 1253 (Ala. 1988). In this case, however, the issue does not concern the jury's deliberations, but rather whether Clark might have been prejudiced by the failure of a juror to make a proper response to a question regarding his qualifications to serve as a juror. Ms. Resmondo's affidavit raises the issue of whether Clark might have been so prejudiced. Because this is a criminal proceeding, with Clark's substantial liberty interests at stake, we are compelled to find that Clark might have been prejudiced by the juror's failure to disclose his previous jury service in another drug case in which the defendant was convicted.
The State argues that Ms. Resmondo's affidavit is inadmissible hearsay. We disagree. This Court has stated that "[w]here it appears from the face of an affidavit that the affiant had no personal knowledge of the matters to which [she] deposed and that [she] must have secured [her] information concerning those matters from others, then the affidavit is based on hearsay and should not be admitted." Williams v. DanRiver Mills, Inc., 286 Ala. 703, 708, 246 So.2d 431, 435
(1971). It appears from the face of Ms. Resmondo's affidavit that she had personal knowledge of the matters contained in the affidavit and that she did not secure her information concerning those matters from others; *Page 1094 
therefore, the affidavit was admissible. Furthermore, "[a] statement made out of court is not hearsay if it is given in evidence for the purpose merely of proving that the statement was made, provided that purpose be otherwise relevant in the case at trial." Bryant v. Moss, 295 Ala. 339, 342,329 So.2d 538, 541 (1976). Ms. Resmondo's affidavit merely proves that the other juror made the statement about his prior jury service; it does not prove that the juror's statements were true, and the matter was certainly relevant to the matter of whether Clark might have been prejudiced by the other juror's failure to disclose his previous jury service in a drug case in which the defendant was convicted.
We conclude that Clark might have been prejudiced. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.