## McGonigle *versus* The City of Allegheny.

*Expenses of Paving and Grading on Public Square, to be paid by Owner of opposite Lots.*

Under the Acts of Assembly relating to grading and paving in the City of Allegheny, a lot-owner on an avenue opposite a public common, is liable for the costs of grading and paving the whole of the street in front of his lot, and not the half of its width only.

ERROR to the District Court of *Allegheny county.*

This was a *scire facias sur municipal claim*, in which The Commonwealth for the use of the Mayor, Aldermen, and Citizens of Allegheny were plaintiffs, and Mathias McGonigle defendant, and in which the following case was stated for the opinion of the court in the nature of a special verdict:—

It is admitted by the parties, that Union avenue is a permanent street, situated within the corporate limits of the city of Allegheny; that on its east side it is bounded by the East Common, and on its west side by private property; that the right of common in the said East Common is in the owners of in-lots, which in-lots are situated between, and are surrounded by, the East, West, North, and South Common of said city, and that the right of soil is in the city of Allegheny, subject to the right of common. It is also admitted, that the Select and Common Councils, having full power thereto under the Act of Assembly of April 5th 1849, P. L. p. 341, and the Act of April 8th 1851, P. L. p. 371; the first of said acts being entitled a Supplement to the Act entitled "An Act to incorporate the City of Allegheny, and for other purposes," and the other entitled "An Act to open and extend an alley in the City of Allegheny," &c., authorized the grading and paving of said Union avenue, from Ohio street north to ———— alley, in said city, by an ordinance duly passed, published, and recorded; that the contract therefore was properly let, at reasonable prices, and the work was done and completed in proper and workmanlike manner, and has been duly accepted and taken off the hands of the contractor, by the proper authorities of the city of Allegheny; that the assessments for the whole work have been properly made.

It is also admitted, that the defendant owns property which fronts, bounds, and abuts on that part of Union avenue graded and paved one hundred and fifty feet; that if his said property is liable to pay for the costs and expenses assessed for the grading and paving of the whole width of Union avenue, for the distance which his property aforesaid fronts thereon, the said costs and expenses will amount to $399.67; that demand for the payment of the same has been properly made of and from the defendant by the street commissioner of said city, and payment

[McGonigle v. The City of Allegheny.]

refused by the said defendant; and that the statement required by the Act of May 30th 1852, P. L. 204, was duly filed, and the writ in this case duly issued thereon and served.

If the court should be of the opinion that under the Act of Assembly of April 5th 1849, entitled "A Supplement to the Act entitled an Act to incorporate the City of Allegheny," &c., P. L. 341; and the 3d section of the Act of 8th April 1851, entitled "An Act to open and extend an alley in the City of Allegheny," &c., P. L. 371, and the Act of May 30th 1852, P. L. 204, relative to the mode and manner of collecting the costs and expenses of grading and paving streets in Allegheny, the property of said defendant is liable to pay the cost and expenses of the grading and paving of the whole width of that part of said Union avenue graded and paved, for the distance his said property fronts, bounds, or abuts thereon, then judgment to be entered for the plaintiffs, against the defendant, for the sum of $399.69, with interest from the 16th day of August 1862, and costs. But if the court should be of opinion that the said property is liable for only the costs and expenses of grading and paving that part of said avenue graded and paved for the one-half the width thereof, for the distance which the said property fronts, bounds, and abuts thereon, then judgment to be entered for plaintiffs, against defendant, for the sum of $196.06, with interest from the 16th day of August, A. D. 1862, with costs.

Each party reserving the right to sue out a writ of error from the Supreme Court to the judgment of the court below.

After argument, the court directed judgment to be entered in favour of plaintiff, against defendant, for the sum of $399.69, with interest from August 16th 1862, and costs. Whereupon the defendant sued out this writ of error.

*D. W. & A. S. Bell*, for plaintiff in error, denied the liability of McGonigle to pay an assessment made for more than to the middle of the street—that to assess the whole width upon his lot would not be an " equal assessment," as required by Act of April 5th 1849. The ground opposite has an owner. By Act of September 4th 1787, the Common was laid out for the use of the lotholders of the town, but the legal title remained in the state. By Act of April 13th 1840, the title of the state was conveyed to the city of Allegheny, as is now owned by the city, subject to the right of common: Mayor, &c., of Allegheny v. Ohio and Penna. Railroad Co., 2 Casey 358.

The acts on this subject do not confine assessments to grounds benefited by the improvement. The city has paved and paid for grading and paving several streets crossing the Common, on the ground that the city owns the land abutting on said streets.

*S. Schoyer*, Jr., for defendant in error.—The Acts of Assem-

[McGonigle *v.* The City of Allegheny.]

bly on this subject require that the city grade, pave, &c., and be "reimbursed" by the owners of lots fronting on the streets.

Private and not public property was intended in making the assessments, because private property is enhanced in value by the improvement, and because also the words of the Act of 1849 clearly intimate it. The Common is for *public* uses. See 12 S. & R. 29 ; 7 Watts 394. Its value cannot be enhanced by this improvement; nor can it be made subject to a lien. The city cannot sue itself; nor is the writ of *levari facias* commonly used against corporations.

The right of common is not "property" within the meaning of these laws; nor do they limit the liability of lot-owners to the middle of the street, but require payment of the whole cost to be assessed on private property fronting on the improved street. The defendant's property is improved by this paving, and the existence of the Common opposite is a great advantage to him. As to the streets heretofore paved by the city, through the Common, the cases are not alike, and even if they were, the city has a right at any time to correct her errors.

The opinion of the court was delivered, November 25th 1862, by

WOODWARD, J.—The case stated presents, with admirable singleness and clearness, the question that is up for judgment. The question is whether under the several Acts of Assembly relating to the subject, a lot-owner on Union avenue is liable for the costs and expenses of grading and paving the whole of said street in front of his lot, or only the half of its width, a public common lying on the opposite side of the street. Doubtless the Acts of Assembly were drawn with a view to streets that had private owners on both sides, and the difficulty consists in adapting them to a case where the owner on one side is the very municipal corporation that sues, and the thing owned is a public common, and not a private lot. It is observable, however, that the acts do not limit themselves to the middle of the street. They authorize the city to grade and pave the streets, and to levy and collect a special tax for defraying the expense thereof, "by an equal assessment on the feet front, bounding" on said street. The work to be done and paid for is the whole work of paving and grading the entire width of the street, and the expense thereof is to be charged against the "person or persons" owning lots that front on the street. Where persons own lots on only one side of the street, and a public common lies on the opposite side, the whole cost of grading and paving must necessarily fall upon such persons. The corporation, though holding the legal title to the Common, is not a person within the meaning of the acts. It would be absurd for the corporation to tax itself for itself. The corporation taxes the personal owner for work which it has done for his benefit. If he have no opposite neigh-

[McGonigle *v.* The City of Allegheny.]

bour to share the tax with him, it is the price he pays for the privilege of an open common in his front. The location, which enhances the value of his property, subjects him to a correspondent increase of taxation, and this is right. All these municipal taxes for improvement of streets, rest, for their final reason, upon the enhancement of private properties : Schenley's Case, 12 Casey 57. But it is said the statute requires an "equal assessment," and that it is unequal to tax one owner with the whole and another with only half of the street, when both are bounded as to their right of property by the middle of the street. "Equal assessment on the feet front" are the words of the statute, and they must be construed with reference to the location. All owners opposite the Common pay the same rate per foot front, and owners opposite other private owners pay according to their feet front. This is the equal assessment intended by the statute.

We think the case is within the spirit and meaning of the several Acts of Assembly, and that the assessment should be sustained. A similar attempt to impose municipal taxes upon public ground was made without success in Howell *v.* The City of Philadelphia, 2 Wright 474.