## Sullivan *v*. United States Shipping Board Emergency Fleet Corporation, Appellant.

*Corporations—United States Shipping Board Emergency Fleet Corporation—Status—Workmen's Compensation Act—Employees.*

The United States Shipping Board Emergency Fleet Corporation, a corporation incorporated under the laws of the District of Columbia, is not a branch of the United States Government, but is a private corporation doing business in Pennsylvania and as such is subject to all of the laws of the Commonwealth.

In a claim for compensation by a workman, who was injured in the course of his employment with the United States Shipping Board Emergency Fleet Corporation, an answer denying liability on the ground that the said Fleet Corporation is an arm of the United States Government, and not subject to the laws of Pennsylvania, will not be sustained.

Argued November 12, 1920. Appeal, No. 186, Oct. T., 1920, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 6179, dismissing appeal from decision of Workmen's Compensation Board in the case of John E. Sullivan v. United States Shipping Board Emergency Fleet Corporation. Before ORLADY, P. J., PORTER, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from order of the Workmen's Compensation Board.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal and confirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Errors assigned,* among others, were as follows:

1. The court erred in not finding the defendant to be an agency or department of the United States Government.

2. The court erred in not finding the claim of the plaintiff as that of a civil employee of the United States, to be under the exclusive jurisdiction of the United States Employees' Compensation Commission.

3. The court erred in confirming the award of compensation to the plaintiff by the Workmen's Compensation Board of Pennsylvania.

4. The court erred in dismissing the appeal of the defendant from the decision of the Workmen's Compensation Board accepting jurisdiction over the plaintiff's claim.

*William Y. C. Anderson,* and with him *Henry J. Gibbons,* Assistant Counsel United States Shipping Board Emergency Fleet Corporation, *Charles D. McAvoy,* United States Attorney, and *A. Mitchell Palmer,* Attorney General of the United States, for appellant.— The appellant is an arm of the government of the United States and a suit against it is in effect a suit against the government: Bank of the United States v. Planters Bank of Georgia, 9 Wheaton 906; Cunningham v. N. & B. R. R., 109 U. S. 447; Barney v. Baltimore, 6 Wall. 280; Shields et al. v. Barrow, 17 Howard 130; Ballaine v. Alaska Northern Railway, 259 Fed. 184; Smith v. Reeves, 178 U. S. 436; Chandler v. Dix, 194 U. S. 590; Murray v. Wilson Distilling Co., 43 U. S. 172; Hagood v. Southern, 117 U. S. 57; U. S. Union Timber Products Co., 259 Fed. 507; Gould Coupler Co. v. U. S. S. B. E. F. C., 261 Fed. 716; Kinney v. Fairbanks Shovel Company, 261 Fed. 440; Essex Co. Park Com. v. East Orange, 67 Atl. 1065; Webster v. Regents, 163 Cal. 703; State v. Cornelius, 149 Pac. 1187; U. S. v. Mason, 218 U. S. 517.

*Samuel Scoville, Jr.,* for appellee.—The appellant is subject to the laws of Pennsylvania and is an employer under the terms of the Workmen's Compensation Act: Commonwealth Finance Corporation v. Landis (Emer-

gency Fleet Corporation, garnishee), 261 Fed. 440; Gould Coupler Co. v. United States Shipping Board Emergency Fleet Corporation, 261 Fed. 716; The Lake Monroe, 250 U. S. 246.

OPINION BY KELLER, J., March 5, 1921:

The plaintiff, Sullivan, was employed by defendant, United States Shipping Board Emergency Fleet Corporation (hereinafter called Fleet Corporation), as a truck driver. He was injured on October 10, 1918, in the City of Philadelphia, while in the course of such employment. He filed a petition for compensation under the Workmen's Compensation Act of 1915 (Act of June 2, 1915, P. L. 736), to which defendant filed an answer denying liability on the ground that claimant was a civil employee of the United States of America and compensable only under the Federal Workmen's Compensation Act. At the hearing before the referee, defendant offered no evidence and an award was made in favor of the claimant. On appeal to Workmen's Compensation Board a hearing de novo was ordered. At this hearing the claimant offered in evidence petition of the Fleet Corporation to the Workmen's Compensation Board asking leave to intervene on all petitions for compensation against its "agents" in Pennsylvania, viz: The American International Shipbuilding Corporation, the Merchants Shipbuilding Corporation, and Traylor Shipbuilding Corporation, etc., which apparently recited the facts relative to its incorporation (the appellant has not printed it as part of the record). The defendant again offered no evidence. The board affirmed the award of the referee. On appeal to the common pleas, the appeal was dismissed and the award confirmed. The present appeal by the Fleet Corporation followed.

The Fleet Corporation was incorporated April 16, 1917, under the laws of the District of Columbia by virtue of the authority contained in Section 11 of the Act of Congress of September 7, 1916, ch. 451 (39 U. S. Statutes

at Large 728, U. S. Comp. Statutes Sec. 8146f), for the formation by the United States Shipping Board of one or more corporations for the purchase, construction, equipment, lease, charter, maintenance and operation of merchant vessels in the commerce of the United States.

Under said act the shipping board, which was authorized, for and on behalf of the United States, to subscribe to, purchase and vote not less than a majority of the capital stock of such corporation, may, with the approval of the President, sell any or all of the stock of the United States in such corporation, but not so as to make it a minority stockholder. In other words the United States may be either a majority stockholder in the Fleet Corporation, or no stockholder at all; it may not be a minority stockholder. There was no proof offered in this case as to its status at the time the accident happened, and when this claim was presented, that is, whether the United States then owned any stock at all in the Fleet Corporation.

It is not necessary for us to discuss at length whether the Fleet Corporation is a branch of the federal government, exercising governmental functions as such, or a business corporation used by the shipping board as an agency in its work, and subject to the disabilities as well as desirabilities of a private corporation, for that question has been fully considered and answered by our own Supreme Court in the case of Haines v. Lone Star Shipbuilding Co., 268 Pa. 92, which held that this very corporation defendant was subject like any other corporation of the District of Columbia to action by garnishment in the state courts. Judge KEPHART, in the course of his opinion, said of it: "To all intents and purposes, it operated and existed as any corporation operates and exists, —could sue and be sued, as any corporation might sue and be sued......There is not a single line before us which has a tendency to show that the board conferred on the Fleet Corporation any of its many administrative or governmental duties......It was an arm of the ship-

ping board, functioning as a great industrial business corporation, with power to enact by-laws, vote its stock, deposit its money and securities and declare dividends from the surplus and profits......It is a business corpo- ration to be treated as such, unless Congress expressly provides otherwise, which has not been done in the present instance." To hold otherwise would be to hold that Congress did the wholly purposeless thing of incorporating a corporation which should not be a corporation at all, to perform under the board things, which, as a governmental agency, the board had ample authority to do: Lord & Burnham v. U. S. Shipping Board Emergency Fleet Corp., 265 Fed. 955.

The Fleet Corporation was, under the evidence, carrying on business in this Commonwealth. It must be assumed, for there is no evidence to the contrary, that it had full control and management of its employees; it hired and discharged whom it saw fit and paid such wages as it contracted and agreed to pay. It was self-governing.

The Act of Congress of September 7, 1916, ch. 458 (39 Statutes at Large 742, U. S. Comp. Stat. secs. 8932 a-uu), referred to in defendant's answer as the Federal Workmen's Compensation Act, is entitled "An act to provide compensation for employees of the United States suffering injuries while in the performance of their duties and for other purposes." In its defining section, it provides "The term 'employee' includes all civil employees of the United States and of the Panama Railroad Company," thus apparently recognizing that the employees of a corporation all of whose stock and property is owned by the United States would not be included in the act unless specially mentioned. The employees of the Fleet Corporation are not referred to in the act.

That the Fleet Corporation is not considered a government establishment for all intents and purposes is seen by reference to Secs. 6 and 7 of the Act of Congress of October 6, 1917, ch. 79 [40 Stat. at Large 383; U. S.

Comp. Stat. 251 a & b], which provide that for the purposes of those sections (relative to (a) transfer of employees in executive departments to independent establishments, etc., and (b) employment of employees of executive departments and government establishments in other departments and establishments at increased compensation), the Fleet Corporation shall be considered a government establishment. If its employees were civil employees of the United States for all intents and purposes such a provision would not have been necessary.

That the employees of the Fleet Corporation are not for every purpose employees and agents of the United States is definitely settled by the decision of the United States Supreme Court (delivered January 3, 1921, Advance Opinions, p. 174), in the case of United States v. Strang et al., a writ of error from the District Court of the Southern District of Florida, in which it was held that an inspector of the Fleet Corporation was not, by reason of such employment and without more, an agent of the United States within the meaning of Section 41 of the Criminal Code forbidding any officer or agent of any corporation, etc., or person directly or indirectly interested in the pecuniary profits or contracts of such corporation, etc., from being employed or acting as an officer or agent of the United States for the transaction of business with such corporation. The court, speaking through Mr. Justice McREYNOLDS, said: "The corporation was controlled and managed by its own officers and appointed its own servants and agents who became directly responsible to it. Notwithstanding all its stock was owned by the United States it must be regarded as a separate entity. Its inspectors were not appointed by the President nor by any officer designated by Congress; they were subject to removal by the corporation only and could contract only for it. In such circumstances we think they were not agents of the United States within the true intendment of Section 41."

In that case the relevant facts in the case were admitted by demurrer. Here there was no evidence offered and no admission by demurrer. The appellant contended, and argued in this court, that all it had to do was to say "My workmen are civil employees of the United States," and the burden of proving the contrary was cast on the claimant. We do not so understand the law. The law undoubtedly is that neither the United States nor its property can be subjected to direct legal proceedings without its consent: Carr v. United States, 98 U. S. 433; and that this applies whether the action is against the United States or its officer or agent, provided the effect of the judgment or decree is against the United States. But in the cases enunciating this rule, the defendant was sued as an officer of the United States, or the pleadings or evidence showed that the suit was directed against him as such officer, and not individually. Such were suits against the Secretary of the Interior: Naganob v. Hitchcock, 202 U. S. 473; Oregon v. Hitchcock, 202 U. S. 60; the Secretary of the Treasury: Louisiana v. McAdoo, 234 U. S. 627; a commodore in the United States navy: Belknap v. Schild, 161 U. S. 10; a general in the United States army: Stanley v. Schwalby, 162 U. S. 255; a purser on a United States frigate: Buchanan v. Alexander, 4 Howard 20; a collector of customs: Fischer v. Daudistal, 9 Fed. 145; an Indian agent: Occidental Const. Co. v. United States, 245 Fed. 817; a State Treasurer: Smith v. Reeves, 178 U. S. 436. Or the primary interest of the government in the suit was admitted by demurrer: Bellaine v. Alaska Northern Ry. Co. (United States Intervener), 259 Fed. 183.

In the present case, the Workmen's Compensation Board and the court are bound to take judicial notice of acts of Congress and executive orders and regulations authorized by acts of Congress which have the force of statutes: Caha v. United States, 152 U. S. 211; as well as general acts of assembly affecting the defendant. Anything else must be averred and proved as by any other

litigant. "While a state court can take judicial notice of an act of Congress, it cannot take such notice of facts necessary to bring a particular case within its provisions": Di Donata v. Phila. & R. Ry. Co., 266 Pa. 412. See also Re James Thomson Muir, Master of the Gleneden, Adv. ops. U. S. Supreme Ct. No. 7, p. 219, decided January, 17, 1921.

On its face we have here a claim for workmen's compensation presented against a corporation of the District of Columbia, doing business in this State, engaged in performing certain important matters committed to it by the shipping board relative to the purchase, construction, equipment, etc., of merchant vessels in the commerce of the United States, and answer made that it is not liable because the injured man was a civil employee of the United States. No evidence was presented to support this answer. If the Fleet Corporation in some of its transactions was acting as a private business corporation and, in others, as such an agency of the government as to make its workmen civil employees of the United States, nothing was shown that the injured man was working for it at the time he was injured in its governmental capacity. Where a workman employed by a railroad engaged in both interstate and intrastate commerce, is injured in the course of his employment, it is incumbent on the company to prove that he was at the time of injury engaged in interstate business in order to escape liability for compensation: Polk v. Phila. & R. Ry. Co., 266 Pa. 335.

The minutes of the United States Employees Compensation Commission referred to in the appellant's paperbook were not offered in evidence and cannot be here considered. They would not be binding, even if they had been offered.

As the case was presented before the referee and the board, we are satisfied that the award was fully justified, and it is accordingly confirmed and the appeal dismissed at the costs of the appellant.