UNITED STATES SHIPPING BOARD EMERGENCY
FLEET CORPORATION *v.* SULLIVAN.

ERROR TO THE SUPERIOR COURT OF THE STATE OF PENN-
SYLVANIA.

Nos. 93 and 124. Argued January 4, 1923.—Decided February 19,
1923.

1. In a proceeding by an injured employee of the United States
   Shipping Board Emergency Fleet Corporation for compensation
   under a state compensation law, a defense that he was, in effect,
   an employee of the United States to be compensated under a
   federal act, is a claim of a right or immunity under the Constitu-
   tion and laws of the United States, and, under Jud. Code, § 237,
   as amended, 1916, is not a basis for review in this Court by writ
   of error. P. 148.
2. *Held* that the record in this case does not warrant review by
   certiorari. P. 149.

Writ of error to review 76 Pa. Super. Ct. 30, dismissed.

ERROR to a judgment of the Superior Court of Penn-
sylvania affirming an award under the state workmen's
compensation act. Certiorari also was applied for and
denied.

*Mr. Solicitor General Beck,* with whom *Mr. Abram F.
Myers,* Special Assistant to the Attorney General, was on
the brief, for plaintiff in error.

*Mr. Samuel Scoville, Jr.,* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the
Court.

Claiming to have been injured (October, 1918) while
employed by the United States Shipping Board Emer-
gency Fleet Corporation as a motor truck driver, defend-
ant in error Sullivan presented a claim for compensation
to the Workmen's Compensation Bureau, Pennsylvania

Department of Labor and Industry. The corporation answered; denied that the injury was of a permanent nature, and asserted that it was not liable for the further reason " that claimant was a direct employee of the United States Shipping Board Emergency Fleet Corporation, and accordingly is a civil employee of the United States of America, and will be compensated for injury under the Federal workmen's compensation act, subject to sustaining proof of disability."

The referee found that while employed by the Fleet Corporation as a chauffeur Sullivan suffered injuries from a collision in Philadelphia; that neither party had served notice rejecting Article III of the Compensation Act [June 2, 1915, P. L. 736]; and awarded compensation.

The Bureau heard the matter *de novo,* and affirmed the referee's findings of fact and conclusions of law and dismissed the appeal. It said—

" In the case at bar there is no evidence that claimant was a civil employee of the United States or that he received his wages through the United States Treasury. We cannot infer that such was the case. . . . While it might be difficult to draw the exact line of demarcation as to when the defendant is acting as a private corporation or is acting for the United States, the burden would be on the defendant to prove if it were acting for the United States that it would be exempt—there is no defense of this kind interposed in this case. We only have the question of law raised by defendant that the Pennsylvania Workmen's Compensation Board has no jurisdiction. We cannot agree with this. In conclusion we hold: That we have jurisdiction, on the ground that the defendant doing business as a corporation in the State of Pennsylvania, an employer of labor in the State of Pennsylvania, is liable for compensation to the claimant in this case under our act. It is neither our duty nor privi-.

lege to make a collateral investigation as to the ownership of the defendant's capital stock."

Successive appeals, limited by statute to matters of law, were dismissed by the Court of Common Pleas and the Superior Court of Pennsylvania. 76 Pa. Super. Ct. 30. The latter court—the highest where decision in the proceeding could be had—said—

" In the present case, the Workmen's Compensation Board and the court are bound to take judicial notice of acts of Congress and executive orders and regulations authorized by acts of Congress which have the force of statutes: *Caha* v. *United States,* 152 U. S. 211; as well as general acts of assembly affecting the defendant. Anything else must be averred and proved as by any other litigant. . . .

" On its face we have here a claim for workmen's compensation presented against a corporation of the District of Columbia, doing business in this State, engaged in performing certain important matters committed to it by the Shipping Board relative to the purchase, construction, equipment, etc., of merchant vessels in the commerce of the United States, and answer made that it is not liable because the injured man was a civil employee of the United States. No evidence was presented to support this answer. . . . As the case was presented before the referee and the board, we are satisfied that the award was fully justified, and it is accordingly confirmed and the appeal dismissed at the costs of the appellant."

The writ of error (No. 124) must be dismissed. The record fails affirmatively to disclose that there was drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, or the validity of a statute of or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties or laws of the United States within the requirements of § 237 of the Judicial Code, as amended

by the Act of September 6, 1916.[1] Considering the whole record it is clear that there was no controversy over the validity of any treaty, statute or authority, federal or state. Plaintiff in error by its answer claimed a right or immunity under the Constitution and laws of the United States. The state tribunals held that there was no evidence to establish the facts necessary to show that it was within the class to which exemption might extend. *Champion Lumber Co.* v. *Fisher,* 227 U. S. 445, 451, 452; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *McWhirter,* 229 U. S. 265, 276; *Straus* v. *American Publishers' Association,* 231 U. S. 222, 233.

Considering the character of the record, we think it unwise to bring up the cause by certiorari with a view to considering the questions said to be involved. The petition therefor (No. 93) is accordingly denied.

> *Writ of error dismissed.*
> *Petition for certiorari denied.*

1. A contract between a city and a street railway company should not be allowed to exempt the latter from future liability for paving the portions of streets occupied by its tracks unless such exemption be plainly expressed. P. 151.

---

[1] " Sec. 237. A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute

of, or an authority exercised under any State, on the ground of their
being repugnant to the Constitution, treaties, or laws of the United
States, and the decision is in favor of their validity, may be reexam-
ined and reversed or affirmed in the Supreme Court upon a writ of
error. . . ."