# City of Philadelphia to the Use of Union Paving Company *v.* United States Housing Corporation of Pennsylvania, Appellant.

*Municipalities—Taxes— Paving — Exemptions — United States Housing Corporation.*

A lien filed by a municipality for the use of a paving contractor against property owned by the United States Housing Corporation of Pennsylvania is valid, even though the corporation was created under the corporation laws of Pennsylvania and was authorized to act as the agent of the United States for the purpose of providing housing for industrial workers employed by the United States during the Great War.

In authorizing the creation of private business corporations to aid the government in conducting the war, Congress indicated its purpose, as to such corporations, to waive governmental immunity from suit and its consequences.

Argued October 15, 1923. Appeal, No. 150, Oct. T., 1923, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 4254 MLD., making absolute rule for judgment for want of a sufficient affidavit of defense in the case of City of Philadelphia to the use of Union Paving Company v. United States Housing Corporation of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*Francis B. Biddle,* Assistant United States Attorney, and with him *George W. Coles,* United States Attorney, and *Thomas W. O'Brien,* Counsel United States Housing Corporation, for appellee.—The United States owned the property and it is, therefore, exempt from taxation: Ballaine v. Alaska Northern Ry., 259 Fed. 183; Cunningham v. Mason & Brunswick R. R. Co., 109 U. S. 446; Minnesota v. Hitchcock, 185 U. S. 373; Oregon v. Hitchcock, 202 U. S. 60; Goldberg v. Daniels, 231 U. S. 218; Osborne v. Bank of the United States, 9 Wheat. 738; Thomson v. Union Pacific R. R., 9 Wall (U. S.) 579; International Textbook Co. v. Pigg, 217 U. S. 91; Louisiana v. Garfield, 211 U. S. 70; Pub. Serv. Com. v. N. E. Telegraph & Co., 232 Mass. 465; Southwest T. & T. Co. v. City of Houston, 256 Fed. 690; Railroad Commrs. v. Burleson, 255 Fed. 604; Louisiana v. McAdoo, 234 U. S. 627.

*James Francis Ryan,* for City of Philadelphia, *Allen Olmsted, 2d.,* and with him *Saul, Ewing, Remick & Saul,* for Union Paving Company, appellee.—The defendant was not immune from municipal assessment because of the function it performed: Illinois Central R. R. Co. v. Decatur, 147 U. S. 190; Hammett v. Philadelphia, 65 Pa. 146; Panama R. R. Co. v. Minnix, 282 Fed. 47; U. S. Grain Corporation v. Phillips, 261 U. S. 106.

OPINION BY LINN, J., December 10, 1923:

This is an appeal from judgment entered April 5, 1923, for want of a sufficient affidavit of defense to a municipal claim for street paving. The claim was filed pursuant to the Act of June 4, 1901, P. L. 364: Scranton v. Genet, 232 Pa. 272. By section 20 (P. L. 372), facts averred in such claims are conclusive unless specifically denied by the affidavit. It appears the city duly caused the street in front of defendant's property to be paved, and that the claim is for the cost of the paving. It is not suggested that the work was not done, or that

the amount claimed is in excess of the cost of the paving in front of the property, or that the claim lacks any statutory requirement. Appellant denies the power of the State to authorize the city to collect the cost of the paving, and bases that denial on exemption from taxation enjoyed by the United States; no other question is raised; no fact is disputed.

As we understand the affidavit, the defense is that, while title and apparent ownership are in defendant, the legal effect of that fact is not what it ordinarily would be; that here the legal words and forms mean something different from their usual meaning, and that this difference results from the acts of Congress; that their effect was to vest "the fee simple estate in said premises...... and the possession thereof......in the United States," with resulting exemption from liability for this paving. We all agree that the effect of the federal legislation is not what appellant contends, but that, on the contrary, it is apparent that Congress intended that land held by defendant should be liable for such claims.

Authorized by federal legislation, the Secretary of Labor caused defendant to be incorporated pursuant to the general corporation laws of Pennsylvania (as stated in appellant's brief) "for the purpose of purchasing, holding, leasing, mortgaging and selling real estate, improving the same and erecting the necessary buildings and structures thereon and therein." It was incorporated as an ordinary business corporation to deal in real estate, and the law under which it was incorporated provides that it may be sued. It has been held that by authorizing the creation of private business corporations to aid the government in conducting the war, Congress indicated its purpose, as to such corporations, to waive governmental immunity from suit and its consequences: Sloan Shipyards Corp. et al. v. U. S. Shipping Board E. F. C., 258 U. S. 549, 566. "These provisions sufficiently indicate the enormous powers ultimately given to the Fleet Corporation. They have suggested the argument that it

was so far put in place of the sovereign as to share the immunity of the sovereign from suit otherwise than as the sovereign allows. But such a notion is a very dangerous departure from one of the first principles of our system of law. The sovereign properly so called is superior to suit for reasons that often have been explained. But the general rule is that any person within the jurisdiction always is amenable to the law. If he is sued for conduct harmful to the plaintiff his only shield is a constitutional rule of law that exonerates him. Supposing the powers of the Fleet Corporation to have been given to a single man we doubt if anyone would contend that the acts of Congress and the delegations of authority from the President left him any less liable than other grantees of the power of eminent domain to be called upon to defend himself in court. An instrumentality of government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts: Osborn v. Bank of United States, 9 Wheat. 738, 842, 843; United States v. Lee, 106 U. S. 196, 213, 221. The opposite notion left some traces in the law, 1 Roll. Abr. 95, Action sur Case, T., but for the most part long has disappeared. If what we have said is correct it cannot matter that the agent is a corporation rather than a single man. The meaning of incorporation is that you have a person, and as a person one that presumably is subject to the general rules of law": Cf. dissenting opinion, p. 571; see, too, U. S. Grain Corp. v. Phillips, 261 U. S. 106, 113; Haines v. Lone Star Shipbuilding Co., 268 Pa. 92; Sullivan v. U. S. S. Board E. F. C., 76 Pa. Superior Ct. 30; 261 U. S. 146.

We therefore conclude first, that there was no general immunity from suit, and, second, even if, as suggested, the property in substance belongs to the United States, that fact alone does not relieve from liability in the circumstances of this case: U. S. Grain Corp. v. Phillips, 261 U. S. 106, 113; acts approved March 1, 1922, 42 Stat. 468, and June 12, 1922, 42 Stat. 635, 641.

The argument proceeds that though the property be held by appellant, and be liable to execution for corporate defaults, as those decisions hold, it is not liable to taxation, for thereby it may all be taken, or seriously interfered with, and the national purpose frustrated.

There is no averment of fact in the affidavit to support the argument in the brief that the collection of this paving claim "interferes with the exercise of the federal agent's functioning" in any way not intended by Congress. The record shows defendant purchased real estate abutting on 13th Street in Philadelphia, which had never been paved and which would some day need paving, and toward the cost of which first paving, the city could require that property to contribute to the extent of the cost: Hammett v. Phila., 65 Pa. 146, 157; Phila. v. Eddleman, 169 Pa. 452. It is well recognized that such cost of street paving is at once reflected in the increase in market value of the property; "......special assessments or special taxes proceed upon the theory that where a local improvement enhances the value of neighboring property that property should pay for the improvement": R. R. Co. v. Decatur, 147 U. S. 190, 198, quoting McGonigle v. Allegheny, 44 Pa. 118, 121.

Appellant's contention that the power here exercised by the city, is the general power to tax, is not in the case and need not now be discussed; we are dealing, not with general taxation, but with the right of the city's contractor to collect from the land for work and labor furnished by him for the immediate benefit of the property in circumstances raising an obligation on the property to pay that sum on demand according to the statute. The difference between the general power to tax, for which the consideration is protection by the State, and the power by special assessment to obtain reimbursement for the value of a benefit conferred on a property is well understood: I. C. R. R. v. Decatur, 147 U. S. 190; Norwood v. Baker, 172 U. S. 269; Sewickley Church's

App., 165 Pa. 475. This is a simple case of special assessment.

Appellant cites Fagan v. Chicago, 84 Ill. 227, in support of its claim for exemption; but the distinction between the cases is obvious. There the title to the liened property was in the United States, while here it is not. Congress authorized the creation of this private business corporation without providing that the corporation should enjoy the immunities incident to sovereignty, and that omission in the cases of the Sloan Shipyards and of Phillips, supra, was held to indicate legislative purpose to submit the activities of such corporation, though a governmental agency, to the legal responsibilities of any other person, corporate or natural.

Moreover, in addition to the act approved March 21, 1922, C. 112, 42 Stat. 468, amending the act authorizing the President to provide housing for war needs, approved May 16, 1918, (41 Stat. 224), there is legislation to pay claims of this character in the act "making appropriations for the executive and for sundry independent executive bureaus, boards, commissions, and offices, for the fiscal year ending June 30, 1923, approved June 12, 1922," (Chap. 218, 42 Stat. at L. 635, 641), appropriating to "miscellaneous expenses account of property sold: To pay taxes, special assessments, and other utility, municipal, state and county charges or assessments unpaid by purchasers and which have been assessed against property in which the United States Housing Corporation has an interest, and to defray expenses incident to foreclosing mortgages, conducting sales under deeds of trust, or reacquiring title or possession of real property under default proceeding, including attorney fees, witness fees, court costs, charges, and other miscellaneous expenses, $10,000: Provided That the United States Housing Corporation is hereby authorized to allow as an offset any equitable claim in any collection made against any state or any political division thereof."

Judgment affirmed.