(110 So. 469)

**Ex parte UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.**

**VIRGINIA BRIDGE & IRON CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.**

(1 Div. 376.)

(Supreme Court of Alabama. June 24, 1926. Rehearing Denied Dec. 9, 1926.)

Judgment ⬅︎153(1)—Amendment of motion to vacate judgment nil dicit more than 30 days after rendition of judgment held properly denied (Code 1923, § 6670).

After expiration of 30 days from rendition of judgment nil dicit, defendant *held* not entitled, under Code 1923, § 6670, to amend motion to set aside such judgment so as to set up new grounds for such relief.

Gardner and Bouldin, JJ., dissenting.

Original petition of the United States Shipping Board Emergency Fleet Corporation for mandamus to Hon. Joel W. Goldsby, Judge of the Circuit Court of Mobile County. Writ denied.

Count E of the complaint against the petitioner is as follows:

"E. The plaintiff claims of the defendant the further sum of $25,000, together with interest thereon, as damages for the breach of contract entered into by and between the plaintiff and defendant on, to wit, the 1st day of September, 1918, by the terms of which the plaintiff agreed to fabricate all the structural steel necessary for the construction of twelve 5,000-ton steel vessels of the Ferris type, at and for the sum of 2⁴⁄₁₀ cents per pound, and to deliver the same f. o. b. cars, plaintiff's plant, Roanoke, Va., which steel was to be furnished by the defendant to the plaintiff at its plant at Roanoke, Va., and the plaintiff avers that, pursuant to its said contract, it entered upon the performance of the same and fabricated the steel for the construction of six of said vessels, which services were accepted by the defendant and paid for by it; that subsequent to the fabrication of the steel for the first six of said vessels, and on, to wit, March 13, 1919, the defendant and plaintiff agreed together that the plaintiff should fabricate only the steel that was to be used in the sterns and bows of the remainder of said vessels and should receive for the said services the sum of 3¹³⁄₁₀₀ cents per pound for the steel so fabricated and delivered f. o. b. cars Roanoke, Va.; that pursuant to said contract, as modified, plaintiff entered upon the performance thereof and fabricated the steel for two of the remainder of said vessels, which steel as fabricated was accepted and paid for by the defendant, and plaintiff avers that a large quantity of said steel was delivered by the defendant to the plaintiff for fabrication and used in the construction of one or more of the remaining vessels, and plaintiff proceeded upon the fabrication of said steel when on, to wit, the 30th day of October, 1919, up to which time plaintiff had fully performed its part of the contract, the defendant notified the plaintiff to suspend fabrication of said steel; that at said time plaintiff was in the course of fabricating 742,492 pounds of steel, and upon the completion of said fabrication of such steel it did cease to fabricate any more steel for said vessels pursuant to said notice, and although it stood ready, able, and willing to comply with its part of said contract, and offered to deliver to the defendant the steel it had fabricated, yet the defendant failed or refused to accept or pay for the same, although often requested so to do, wherefore plaintiff presents this suit and asks judgment in the above judgment."

Thomas C. McClellan and I. V. McPherson, Sp. Asst. Attys. Gen., of the United States, for petitioner.

Judgments by default are not favored, and a defendant should never be considered in default, unless he has violated or disregarded some statute, order, rule of court, or stipulation of the parties, and not even then if good excuse for such violation is shown. Berri v. Rogero, 168 Cal. 736, 145 P. 95; Snyder v. Raab, 40 Mo. 166. A bill of particulars was proper in this case, and petitioner might refuse to plead until same was furnished. Prince v. Takash, 75 Conn. 616, 54 A. 1003; Morisette v. Wood, 128 Ala. 505, 30 So. 630; Waterman v. Mattair, 5 Fla. 211; Davis v. Hunt, 2 Bailey (S. C.) 412. Plaintiff, having failed to answer interrogatories, was itself in default. Code 1923, § 7770; Kimball v. Cunningham Hdw. Co., 197 Ala. 631, 73 So. 323; Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Albert Hass L. Co. v. Gibson, 172 Ala. 111, 54 So. 994, Ann. Cas. 1913D, 497; Young v. McLemore, 3 Ala. 295. Interrogatories under the statute perform the office of a bill for discovery in equity. Saltmarsh v. Bower, 22 Ala. 221. No judgment by default or nil dicit can be entered against defendant, while answer or other pleading in the case is not disposed of. Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 So. 10; Green v. Jones, 102 Ala. 303, 14 So. 630; Crow v. Decatur Bank, 5 Ala. 249; Blythe v. Hinckley (C. C.) 84 F. 228. The court was without jurisdiction and its judgments were void. 39 Stat. at Large, 728; 40 Stat. at Large, 75, 1761. The courts take judicial notice of proclamations and executive orders of the President. Wells v. Mo. Pac., 110 Mo. 286, 19 S. W. 530, 15 L. R. A. 847; Muir v. L. & N. (D. C.) 247 F. 888; Caha v. U. S., 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415. Every such contract as here involved was made pursuant to the provisions of the Shipping Act of June 15, 1917. Buffalo Union F. Co. v. U. S. S. B. E. F. Co. (C. C. A.) 291 F. 23; Todd Dry Dock & Const. Co. v. Sumner Iron Wks. (C. C. A.) 289 F. 217. Respondent erred in refusing to allow amendment of petitioner's motion. The rule as to motions for new trial is not applicable to motions to vacate judgments nil dicit.

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

215 ALA.—21

Truss v. Birmingham R. Co., 96 Ala. 317, 11 So. 454; Mobile R. Co. v. Hansen, 135 Ala. 284, 33 So. 664; Ex parte Parker, 172 Ala. 136, 54 So. 572; Code 1923, § 9516. The order of continuance entered by the respondent was for the term. 4 Ency. Pl. & Pr. 890; Palmer v. Hutchins, 1 Cow. (N. Y.) 42; 13 C. J. 191; Innerarity v. Frowner, 2 Ala. 150; Acts 1915, p. 352. Mandamus is the proper remedy to review the action of the trial court in over-ruling motion to set aside the judgment nil dicit. Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412; Brown v. Brown, 213 Ala. 339, 105 So. 171; Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ex parte Overton, 174 Ala. 256, 57 So. 434; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Porter v. Burleson, 38 Ala. 343. A bill of exceptions was not necessary. Code 1923, § 8979; Ex parte Scudder, 120 Ala. 434, 25 So. 44; Ex parte Schoel, 205 Ala. 248, 87 So. 801.

Smithe, Young & Johnston, of Mobile, for respondent.

The ruling of the trial court, refusing to permit an amendment of the original motion, cannot be reviewed; the petitioner having failed to reserve a bill of exceptions. Ex parte Watters, 180 Ala. 523, 61 So. 904; Ex parte Smith, 69 Ala. 528; Ex parte Blalock, 115 Ala. 692, 22 So. 998; Eutaw Ice, etc., Co. v. McGee, 16 Ala. App. 652, 81 So. 144. At any rate, the court had no jurisdiction to allow amendment after 30 days, and the amendment contained other and different grounds than the original. Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657. Appearance of defendant did not operate to prevent entry of the judgment nil dicit. Grigg v. Gilmer, 54 Ala. 430; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412; Liverpool, etc., v. Lowe, 208 Ala. 12, 93 So. 765. A judgment nil dicit cannot be assailed, if the complaint states a valid cause of action. Kyle v. Caravello, 103 Ala. 150, 15 So. 527; Home Protection Co. v. Caldwell, 85 Ala. 607, 5 So. 338; Ex parte Hudgins, 188 Ala. 141, 65 So. 959. Where the complaint contains a good and bad count, judgment will be referred to the good one. Morgan v. Embry, 17 Ala. App. 276, 85 So. 580; Turnipseed v. Burton, 4 Ala. App. 612, 58 So. 959. The matter of the right of defendant to cancel the contract by virtue of authority delegated by the President was one which must be pleaded. U. S. Ship. Board, etc., v. Sullivan, 261 U. S. 146, 43 S. Ct. 292, 67 L. Ed. 577; Sloan Shipyards v. U. S. Ship. Board, etc., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762. The Fleet Corporation is liable, where the contract is completely executed. Ingram Day L. Co. v. U. S. Ship. Board, etc., (D. C.) 267 F. 283. Any question which could have been raised on appeal from the original judgment cannot be revised by mandamus. Ex parte Sumlin, 204 Ala. 376, 85 So. 810; Crook v. Rainer Hdw. Co., 210 Ala. 178, 97 So. 635; Scottish Union v. Baker, 17 Ala. App. 188, 84 So. 480; Mayor, etc., v. Kelley, 172 Ala. 336, 55 So. 526; Hall v. First Bank, 196 Ala. 627, 72 So. 171.

BOULDIN, J. This is a mandamus proceeding directed to Hon. Joel W. Goldsby, judge of Mobile circuit court, to vacate a judgment nil dicit rendered in that court, in the case of Virginia Bridge & Iron Company against United States Shipping Board Emergency Fleet Corporation.

Mandamus is the appropriate remedy by which this court exercises its supervisory jurisdiction over courts of original jurisdiction in case of abuse of discretion in the denial of a motion to vacate a judgment by default or nil dicit. Brown v. Brown, 213 Ala. 339, 105 So. 171; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412.

A judgment by default or nil dicit with writ of inquiry to be executed at a later date is interlocutory. The judgment rendered upon execution of the writ of inquiry, the effective judgment for recovery of a fixed sum, is the final judgment. Before the final judgment is entered, while the court retains control over it, or after it is vacated, the court also retains control over the interlocutory judgment. Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ex parte Overton, 174 Ala. 256, 57 So. 434; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

The original motion filed within 30 days was rested upon the ground that interrogatories had been filed to plaintiff, under the statute, which had not been answered at the time judgment nil dicit was entered, and that defendant was unable to plead without the information sought. In Parker v. Newman, 200 Ala. 103, 75 So. 479, this court declared the general rule that, when the case is regularly reached for trial, it is within the discretion of the court to refuse a continuance because the adverse party has not answered the interrogatories, the statutory period for filing answers not having expired.

Petitioner insists that, the proceeding being in the nature of a bill of discovery, the information called for by interrogatories is a matter of right, and a judgment nil dicit before answer, and before the date when answer is required, is premature and should be set aside. Upon failure to file answers within 60 days, the party in default may be dealt with in either of several ways defined by statute. Code, § 7770. The discretion of the court in the selection of either statutory alternative will not be controlled. Russell v. Bush, 196 Ala. 309, 71 So. 397. But the court is "in duty bound" to protect the party entitled to the benefits of the statute in one of the methods prescribed. Woodman O. W. v. Alford, 206 Ala. 18, 23, 89 So. 528.

The statute, however, carries no provision changing the time for pleading, nor depriving

the court of its general discretionary power in the continuance of causes, a power quite essential to the speedy administration of justice. The statute must be so construed as to effectuate its purpose and, at the same time, infringe upon other legal rules no further than necessarily implied to accomplish the ends in view.

Under our practice, a cause may come on for hearing any time after the expiration of 30 days from the date of service of summons and complaint, but 60 days are given to answer interrogatories to the adverse party. When pertinent interrogatories are promptly filed calling for material evidence, accompanied by the required affidavit that the answers will be material testimony for him in the cause, to proceed to trial against the objections of such party, not in default as to pleading, before the answers are filed and before the 60 days for answer have elapsed, would deprive the party of the benefits of the statute. In the absence of some showing justifying such course, it would be an abuse of discretion to thus nullify the statute. On the other hand, if the party has the unqualified right to file interrogatories at any time before trial, upon making the statutory affidavit, and have the cause delayed to await answers, he is armed with a power to abuse the privilege conferred by the statute. Due diligence in the prosecution or defense of an action applies to this statute as well as others. We adhere to the general rule stated in Parker v. Newman, supra. The action of the court in proceeding to trial, or rendering judgment by default for want of appearance, or nil dicit for want of plea after appearance, will only be controlled for abuse of discretion in ignoring interrogatories as in other matters.

Here, the cause was remanded to the state court in July, and the judgment nil dicit rendered the following January. No reason is shown why the interrogatories were not filed until December. The pendency of a hearing on demurrer to the complaint did not, within itself, hinder the filing of interrogatories. The original motion and supporting affidavit were defective in failing to show good cause for delay in filing the interrogatories. Upon all motions to vacate a judgment by default or nil dicit for the purpose of making defense to the action, a showing must be made of the existence of a good defense. The original motion and affidavit were defective in this regard.

This brings us to consider the right to amend the motion, while still pending but after the expiration of 30 days from the rendition of the judgment, by adding new grounds for setting aside the judgment nil dicit. Under the common law, courts of general jurisdiction have full control over their orders and judgments during the term. For sufficient cause, the court may modify or vacate the judgment, either upon its own motion or on motion of the party injured. The judgment is said to be in the breast of the court until the end of the term. After the expiration of the term, the judgment becomes final, and the court is without power to open or vacate, except proceedings to that end are begun during the term and continued. The effect of the continuance of pending proceedings to vacate is to hold the judgment in fieri, retain it within the breast of the court, and subject to his control. Ex parte Doak, 188 Ala. 406, 66 So. 64; 1 Black on Judgments, §§ 180, 310; 34 C. J. p. 207, § 436, p. 210, § 437.

By statute, "after the lapse of 30 days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Code, § 6670.

This provision is part of a statute to provide open courts—fixing terms of practically half year periods. Acts 1915, p. 707. It merely fixes the time during which courts shall retain common-law control over judgments at 30 days, instead of during the term, and provides for retaining control by motion duly continued as theretofore.

In reviewing rulings on motions for new trial by appeal, under statutory procedure, the rule is declared that new and distinct grounds of motion for new trial presented after 30 days will not be considered. Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657; Atlantic C. L. R. Co. v. Burkett, 207 Ala. 344, 92 So. 456. These cases construe the statute quoted above as to that class of cases, but, evidently, in connection with the statute regulating appeals in such cases. All the rulings upon the original trial, the state of the evidence as supporting the verdict or the amount thereof, misconduct of parties or jurors, as well as other matters, are made the subject of such motions and reserved by bill of exceptions for review. As heretofore mentioned, the denial of motions to vacate judgments by default or nil dicit has not been treated as within the statute of appeals, but subject to the general supervisory powers of this court by mandamus. As relates to a judgment by default wherein the party for cause unknown has failed to appear, or a judgment nil dicit wherein the party has indicated a purpose to defend by an appearance, but fails for some cause to plead, the rule holding open judgments for the term or statutory period expresses that judicial care and prudence which aims to avoid inadvertent or improvident judgments working injustice.

To the same end, we think, as long as the judgment remains in fieri by proceedings to

vacate, kept alive by continuance, the judgment should be considered still in the breast of the court, with the same power to vacate for good cause as in term time, and it is his duty to hear all grounds properly brought to his attention by original or amended motion.

Among the grounds of the amended motion was the following:

"For that the circuit court of Mobile county, Ala., was and is without jurisdiction to entertain, hear, or determine the cause of action sought to be declared on in the original or amended complaint in the above-styled cause; the jurisdiction to entertain, to hear or determine said cause of action being, alone, under the laws of the United States, in the Court of Claims of the United States."

Several special counts of the complaint, as amended, claim damages for the breach of a contract of date September 1, 1918, and modified March 13, 1919, whereby plaintiff agreed to fabricate structural steel for ships at a stipulated price per pound for steel fabricated and delivered f. o. b. cars. It is alleged the steel for fabrication was furnished by the Fleet Corporation; that the steel for several ships fabricated as per contract was received and paid for by defendant; that on October 30, 1919, defendant notified plaintiff to suspend fabrication. The breach alleged is failure and refusal to receive a quantity of steel, fabricated or in course of fabrication at the time of notice to suspend, and to pay for the fabrication of same. Count E, setting forth further details, is reproduced in the report of the case.

The United States Shipping Board is a federal executive agency composed of commissioners appointed by the President with the advice and consent of the Senate, under the Shipping Act of 1916. 39 U. S. Stat. at L. 728. By section 11 of that act (U. S. Comp. St. § 8146f) it was provided:

"That the board, if in its judgment such action is necessary to carry out the purposes of this act, may form under the laws of the District of Columbia one or more corporations for the purchase, construction, equipment, lease, charter, maintenance, and operation of merchant vessels in the commerce of the United States. The total capital stock thereof shall not exceed $50,000,000. The board may, for and on behalf of the United States, subscribe to, purchase, and vote not less than a majority of the capital stock of any such corporation, and to all other things in regard thereto necessary to protect the interests of the United States and to carry out the purposes of this act."

The shipping fund provision of the Urgent Deficiencies Appropriation Act of June 15, 1917, among other things enacted:

"The President is hereby authorized and empowered, within the limits of the amounts herein authorized—

"(a) To place an order with any person for such ships or material as the necessities of the government, to be determined by the President, may require during the period of the war and which are of the nature, kind, and quantity, usually produced or capable of being produced by such person.

"(b) To modify, suspend, cancel, or requisition any existing or future contract for the building, production, or purchase of ships or material.

"Whenever the United States shall cancel, modify, suspend, or requisition any contract, make use of, assume, occupy, requisition, acquire, or take over any plant or part thereof, or any ship, charter, or material, in accordance with the provisions hereof, it shall make just compensation therefor, to be determined by the President; and if the amount thereof, so determined by the President, is unsatisfactory to the person entitled to receive the same, such person shall be paid 75 per centum of the amount so determined by the President and shall be entitled to sue the United States to recover such further sum as, added to said 75 per centum, will make up such amount as will be just compensation therefor, in the manner provided for by section 24, paragraph 20, and section 145 of the Judicial Code.

"The President may exercise the power and authority hereby vested in him, and expend the money herein and hereafter appropriated through such agency or agencies as he shall determine from time to time:

"Provided, that all money turned over to the United States Shipping Board Emergency Fleet Corporation may be expended as other moneys of said corporation are now expended. All ships constructed, purchased, or requisitioned under authority herein, or heretofore or hereafter acquired by the United States, shall be managed, operated, and disposed of as the President may direct.

"All authority granted to the President herein, or by him delegated, shall cease six months after a final treaty of peace is proclaimed between this government and the German Empire." 40 Stats. at L. 182 (U. S. Comp. St. § 3115⅛cd).

Pursuant to the authority above conferred, President Wilson, by excutive order of July 11, 1917, delegated such powers as follows:

"* * * I hereby direct that the United States Shipping Board Emergency Fleet Corporation shall have and exercise all power and authority vested in me in said section of said act, in so far as applicable to and in furtherance of the construction of vessels, the purchase or requisitioning of vessels in process of construction, whether on the ways or already launched, or of contracts for the construction of such vessels, and the completion thereof, and all power and authority applicable to and in furtherance of the production, purchase, and requisitioning of materials for ship construction."

The following principles of law applicable to the situation seem to be settled by federal decisions:

The courts take judicial notice of the public acts of Congress and executive orders of the President. Caha v. United States, 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415.

The provisions of such acts or orders are,

written into and become a part of contracts made thereunder.

The war powers conferred by the act of Congress carried the authority to suspend or cancel future contracts made by the government or its agencies.

The general delegation of authority to the Fleet Corporation included the power to suspend and cancel construction contracts thereafter made under its delegated powers.

The suspension of contracts, aimed at the saving of needless expenditures after the emergency had passed, will be referred to the delegated power of the Fleet Corporation, rather than to a breach of its contract.

In such case, the action is not against the Fleet Corporation, but against the United States. The jurisdiction is in the Court of Claims, under section 145 of the Judicial Code (U. S. Comp. St. § 1136).

The action is not for breach of contract, nor the measure of damages as for such breach.

The measure of recovery is "just compensation" for losses due to the lawful suspension or cancellation of the contract, determinable on principles defining "just compensation" under the law of eminent domain.

It would seem no right of action accrues in such case until the President or his agent has opportunity to adjust and pay the compensation due under rules promulgated for the purpose. Brooks-Scanlon Corp. v. United States, 265 U. S. 106, 44 S. Ct. 471, 68 L. Ed. 934; College Point Corp. v. United States, 267 U. S. 12, 45 S. Ct. 199, 69 L. Ed. 490; Russell Motor Co. v. United States, 261 U. S. 514, 43 S. Ct. 428, 67 L. Ed. 778; Buffalo Union Furnace Co. v. Fleet Corporation (C. C. A.) 291 F. 23; Todd Dry Dock & C. Corp. v. Sumner Iron Works (C. C. A.) 289 F. 217; Ingram-Day Lumber Co. v. Fleet Corporation (D. C.) 267 F. 283; Omnia Commercial Co. v. United States, 261 U. S. 502, 43 S. Ct. 437, 67 L. Ed. 773; Texas Co. v. Hogarth Shipping Co., 256 U. S. 619, 41 S. Ct. 612, 65 L. Ed. 1123; United States Grain Corp. v. Phillips, 261 U. S. 106, 43 S. Ct. 283, 67 L. Ed. 552.

The contract and subsequent suspension thereof set up in the special counts of the complaint, we think, bring the case, as for these counts, prima facie, within the law of wartime contracts above discussed. Affidavit of good and sufficient defense to the action was filed, and this does not seem to be controverted. The point is made that the want of jurisdiction, as well as other defenses, against these wartime contracts, must be especially pleaded.

True, the Emergency Fleet Corporation, a body corporate, may sue and be sued in matters relating to general corporate business. Buffalo Union Furnace Co. v. Fleet Corporation (C. C. A.) 291 F. 23; United States Shipping Board Emergency Fleet Corporation v. Sullivan, 261 U. S. 146, 43 S. Ct. 292, 67 L.

Ed. 577; Sloan Shipyards v. Fleet Corporation, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; United States Shipping Board Emergency Fleet Corporation v. Sherman & Ellis, 208 Ala. 83, 93 So. 834. Where the complaint does not disclose a transaction within the delegated powers relating to wartime contracts for ship construction, etc., a special plea is required. When the complaint discloses a transaction prima facie within this class, and therefore not within the jurisdiction of the court, sound rules of pleading would require the complainant by proper averments to take it without such class, else it would be subject to demurrer. In the absence of plea or demurrer, the presumptions in favor of the validity of a judgment would protect it on collateral attack, unless the record discloses a case necessarily without the court's jurisdiction.

In this case, the common counts were joined with special counts. A general judgment for plaintiff will be referred to the good counts on collateral attack. Ex parte Hudgings, 188 Ala. 141, 65 So. 959. But this is a direct proceeding to vacate a judgment nil dicit while yet in the breast of the court, to reopen the case that proper pleas may be filed and heard. That the state of the record is such that the judgment cannot be reviewed on appeal, nor vacated at any time because void on the face of the proceedings, furnishes the stronger reason for the remedy pursued.

Speaking broadly, courts are careful of their jurisdiction to act in the premises. When it appears the matter is probably within the exclusive cognizance of the courts of another jurisdiction, a question of the proper comity between governments, as well as of private right, enters into the inquiry. If, while the matter is within the control of the court, it reasonably appears that he has improvidently or inadvertently entered judgment in a matter, in fact, due to be heard in another jurisdiction, the court should never refuse to put itself right upon the mere ground that, by reason of the form in which the action was brought, the matter has become subject to his discretion.

Dealing with a case wherein the court, by reason of its judicial knowledge, has some duty, as well as the party, to inquire into the matter of jurisdiction, it should require a strong case to lead the court to refuse to reopen it and give opportunity to present the question of jurisdiction. We have carefully considered the question of fault on the part of the assistant district attorney in failing to plead or to be present at the call on January 5th. In view of the fact that the case had been withdrawn from the December call at his instance, that interrogatories had been filed designed to get data upon which to plead, and they had not been answered, that, in the great stress of official duties at the time, he

did not, in fact, know it had been placed in the January call, we do not find such failure of duty as would warrant the cutting off a hearing to this petitioner, involving, as it does, matters of public import and the orderly determination of questions going to the rightful jurisdiction of the state and federal courts. It does not appear Judge Goldsby took a different view. His view was that he could not consider grounds of the motion presented by amendment more than 30 days after judgment. This error shut out an inquiry into the matters above considered.

Respondent insists that the motion to vacate, proposed amendment thereto, supporting affidavits, and the ruling thereon cannot, be here considered in original mandamus proceedings for want of a bill of exceptions making them part of the record. The case of Ex parte Watters, 180 Ala. 523, 61 So. 904, seems to support this contention. That was a mandamus proceeding to supervise rulings on motions, etc., in a contested election case. The cases there cited involved habeas corpus proceedings and follow the rule announced in Ex parte Croom & May, 19 Ala. 561, wherein this court, adopting the rule of the King's Bench, held a bill of exceptions the proper method of bringing up the evidence on a renewal of the application for habeas corpus in this court. By statute, a bill of exceptions is allowed on appeals to this court to review mandamus proceedings heard in the lower courts. Code, § 8981. In all these matters, the judge is not personally a party in court answering for himself, but certifying up matters for review or supervision in this court, matters litigated here by other parties.

Original mandamus in this court proceeds by petition, verified by affidavit, "in which the facts shall be stated as briefly and succinctly as the case will admit of." Code, § 8978. It is the initial pleading and subject to demurrer. Id. To this the respondent makes return or answer. "The return or answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue and controverted." Code, § 8979. In so far as not controverted, the answer is taken as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Scudder, 120 Ala. 434, 25 So. 44. It is the declared intent of the statute "to provide a *plain, more speedy*, and less expensive mode of procedure in all cases to which it applies." (Italics supplied.) Code, § 8986.

The judge is free to deny the averments of the petition. If a bill of exceptions must be a part of the petition, both parties are concluded from denying its contents. If there is dispute on the matters involved petitioner must accept the judge's view or proceed, if any law allows such proceeding, to establish a bill of exceptions, thus involving delay and expense to reach the same end the statute accomplishes in the procedure prescribed. The answer comes with the same official sanction as would a bill of exceptions, but the statute strips the answer of the same conclusive effect as at common law, or as would obtain on a bill of exceptions. We may add this petition properly sets out at length the motions and rulings involved, and there is no substantial conflict between the petition and answer.

So far as our research goes, a bill of exceptions is unknown in original mandamus proceedings in other jurisdictions. Indeed, in the absence of a statutory method, it is the remedy to require the signing of a bill of exceptions. Mandamus is a general supervisory writ over executive and ministerial, as well as judicial, officers. Bills of exception are known only in judicial proceedings. We see no occasion to multiply rules of procedure for different classes of officers. We conclude a bill of exceptions is unnecessary. Ex parte Watters, supra, should be overruled on this point. The foregoing opinion expresses the views of the writer in which Mr. Justice GARDNER concurs.

The majority, composed of ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., hold that the trial judge was correct in denying the right to amend the motion by adding new and distinct grounds after the lapse of 30 days from the date of the judgment. This upon the authority of Lewis v. Martin, 210 Ala. 401, 98 So. 635; Atlantic C. L. R. Co. v. Burkett, 207 Ala. 344, 92 So. 456; Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657; Ferrell v. Ross, 200 Ala. 90, 75 So. 466. While these cases arose upon appeal from rulings on motions for new trial, the majority consider the same principle applicable here by analogy.

It results that mandamus is denied.

Writ denied.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

GARDNER and BOULDIN, JJ., dissent.